ON MOTION TO DISMISS AND ANSWER
HAWKINS, Presiding Justice,
for the Court:
The Mississippi State Bar filed a formal complaint with the Court against John T. Cotter, an attorney pursuant to Rule 6 of the Rules of Discipline for the Mississippi *1289 State Bar, attaching thereto certified copies of eight convictions of Cotter in the Justice Court of Jackson County for executing checks when he had insufficient funds in the bank to cover them. We have reviewed Cotter’s response and concluded he should be disbarred.
FACTS
John T. Cotter, an attorney, over a period of time executed eight checks to business establishments in Jackson County for merchandise or cash when he had insufficient funds in the bank to pay the amount of the check.
On May 20, 1984, he executed a check to a nursery and floral business for $31.48 returned for insufficient funds. A criminal affidavit was filed against him in the Jackson County Justice Court on November 14, 1984.
On May 30, 1984, he executed a check to “Joe’s Short Stop” for $15.00 returned for insufficient funds. A criminal affidavit was filed against him in the justice court on November 30, 1984.
On June 2,1984, he executed a check to a “K-Mart” store for $40.20 returned for insufficient funds. A criminal affidavit was filed against him in the justice court on January 23, 1985.
On June 3,1984, he executed a check to a Piggly Wiggly store for $67.69 which was returned for insufficient funds. A criminal affidavit was filed against Cotter in the justice court on August 9.
On November 15, 1985, he executed a check to “Publik Warehouse” for $100 returned for insufficient funds. A criminal affidavit was filed against him in the justice court on December 23.
On November 30, 1985, he executed a check to “K-B Drugs” for $34.00 returned for insufficient funds. A criminal affidavit was filed against him in the justice court on January 24, 1986.
On December 3, 1985, he executed a check to “Tastee Freeze #2” for $9.86 returned for insufficient funds. A criminal affidavit was filed against him in the justice court on January 23, 1986.
For these seven offenses he was found “guilty in absentia” on March 3, 1986, by the justice court, and fined $25.00 plus $27.50 costs in each case, and ordered to make restitution. He paid each of these fines.
On July 1, 1986, he executed a check to “Gautier Chevron” for $40.00 returned for insufficient funds. A criminal affidavit was filed against him in the justice court on August 29. Cotter pleaded guilty on October 8, was fined $50.00 plus costs, with the fine suspended, and also ordered to make restitution.
The criminal affidavits charged him with obtaining money under false pretenses by making, issuing and delivering a check when he had insufficient funds to pay the check in the bank, and that it was with the intent to defraud.
No appeal was taken by Cotter as to any of the convictions in the justice court.
On February 6, 1987, the Mississippi State Bar filed a formal complaint against Cotter for being found guilty of violating Miss.Code Ann. § 97-19-55 in these cases, alleging these convictions authorized his disbarment under Rule 6 of the Rules of Discipline for the Mississippi State Bar. A certified abstract of the court record in each of Cotter’s convictions was attached to the complaint.
On February 9, 1987, this Court issued a show cause order to Cotter giving him twenty days to respond. Paragraph 7 of our order recites:
(7) That the response hereby permitted shall limit itself to whether or not the crimes to which Respondent was found guilty are beyond the scope of Rule 6 of the Rules of Discipline for the Mississippi State Bar; whether or not these convictions have been reversed upon appeal; and whether or not Respondent’s rights under the Constitution of the United States or the State of Mississippi have been or in any way will be violated by proceeding under the provisions of the Rules of Discipline for the Mississippi State Bar....
*1290 In due course Cotter, through his counsel, has filed a “Motion to Dismiss and Answer.” The substance of this response may be summarized as follows:
—He admitted he executed all of the checks when he had insufficient funds with which to pay them. He denied, however, that any such check was executed with intent to defraud, and affirmatively alleged that restitution had been made as to each check.
—He claimed the convictions against him for the first seven bad checks were void because he was not tried within 270 days from the time of arrest. He also alleged that as to each of these he was unaware of his conviction in the justice court.
—As to the last check for $40.00 given on July 1, 1986, he admitted he conviction, but denied the check was given with any intent to defraud or deceive.
LAW
None of Cotter’s convictions was reversed upon appeal, for no appeal was taken.
Cotter makes no claim that any constitutional right was violated, unless his claim that he was not tried within 270 days of arrest can be construed of constitutional dimension.
As to the first direction of our order, whether the convictions constitute a violation of the offenses under the scope of Rule 6, Cotter makes no direct response, either, except his contention he did not execute any check with any intent to defraud or deceive.
Addressing Cotter’s claim of delay in bringing him to trial, in that he was not tried within 270 days from arrest, he cites no statute in support of such allegation. Miss.Code Ann. § 99-17-1 (Supp.1986) applies to indictments in circuit court and is limited to 270 days after an accused has been arraigned. It is clear, therefore, this statute has no application to Cotter.
The pertinent parts of Rule 6 and 6.1 of the Rules of Discipline are as follows:
Rule 6: Suspensions and Disbarments based on Other Proceedings
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo conten-dere therein, of felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit ... a certified copy of the judgment of conviction shall be presented to the Court by General Counsel and shall be conclusive evidence thereof. The court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
3¡í ⅜ Sfc * * *
(d) When time for appeal from judgment or conviction provided above expires or all appeals have been concluded without reversal, General Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.
[[Image here]]
(f) The judge of any court within this state shall have the affirmative duty to cause a certified copy of a conviction or judgment to be transmitted to General Counsel.
PROCEDURE
(6.1) A Formal Complaint, with a certified copy of the criminal judgment or conviction attached, and a motion for indefinite suspension pending appeals shall be filed with the Court, upon which the attorney shall be automatically suspended subject to the right of such attorney to move for reconsideration upon a showing that the judgment or conviction has been reversed or a new trial is granted.
(6.2) Upon a showing that the time for all appeals has expired, or that all appeals have been concluded without reversal, the attorney shall be automatically disbarred.
*1291 Cotter makes no contention that the Mississippi State Bar failed to comply with the technical requirement of the rule that a “certified copy of the judgment of conviction shall be presented to the Court by General Counsel.” We are thus faced with eight convictions of Cotter in the Jackson County Justice Court for executing bad checks. Do these constitute misdemeanor convictions involving “fraud, dishonesty, misrepresentation, deceit” as set forth in the Rule?
We hold they do. While they involved small sums of money, this is not an isolated instance, but a series of acts over a period of time. See: Alabama State Bar v. Tarver, 293 Ala. 343, 302 So.2d 856 (1974); Alkow v. State Bar of California, 38 Cal.2d 257, 239 P.2d 871, 876 (1952); State ex rel. Nebraska State Bar Ass’n. v. Walsh, 206 Neb. 737, 294 N.W.2d 873, 879 (1980); Carter v. Abilheira, 452 A.2d 1140, 1141 (R.I.1982).
Cotter having made no allegation that any constitutional right was violated in any of the justice court proceedings, and it appearing that there was no reversal of any of his convictions, it follows that he should be disbarred. Section 6.2 Rules of Discipline.
An order of disbarment will accordingly be entered.
Formal complaint granted and Respondent shall be disbarred from the practice of law within the State of Mississippi with all costs and expenses connected with the litigation to be taxed against Respondent.
FORMAL COMPLAINT GRANTED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.