573 So.2d 710 (1990)
MISSISSIPPI STATE BAR
v.
Joseph Rufus ODOM, a/k/a Joe R. Odom.
No. 90-BA-1008.
Supreme Court of Mississippi.
December 12, 1990.
Michael B. Martz, Jackson, for petitioner.
Joe R. Odom, Altamonte Springs, Fla., for respondent.
En Banc.
ROBERTSON, Justice, for the Court:
Joseph Rufus Odom is before us again and this time we disbar him.
Now 57 years of age, Odom has heretofore held a license to practice law and has maintained his office in Meridian, Mississippi. On August 22, 1990, this Court found that Odom, as a trustee and fiduciary, misappropriated funds of an estate he was handling, and we ordered his license suspended for a period of three years. See Mississippi State Bar v. Odom, 566 So.2d 712 (Miss. 1990). The Bar now charges that in an unrelated matter, Odom has committed the crime of embezzlement and demands the ultimate disciplinary sanction.
The proceedings before us reflect that on August 13, 1990, Odom appeared in the Circuit Court of Lauderdale County, Mississippi, and entered a plea of guilty to the charge of embezzlement. See Miss. Code Ann. § 97-23-19 (1972). In his written application that his plea be accepted Odom acknowledges that
On and between the dates of July 27, 1987 and February 29, 1988, I did, in Lauderdale County, Mississippi, fraudulently secrete or convert to my own use approximately $135,000.00 in United States' currency, the property of Bogue-Chitto Properties, a partnership, consisting of Jed O'Neal and Leonard Bennette ... which had been entrusted to my care *711 and came into my possession by virtue of my place with Mr. Bennette and O'Neal.
On August 20, 1990, the Circuit Court entered an order reciting the facts and providing further that
The Court finds that the guilty plea is knowingly, intelligently and voluntarily made by the defendant [Odom] to the crime of embezzlement and the Court hereby accepts said guilty plea, but withholds adjudication of guilt.
The Court then deferred sentencing for three years and imposed certain conditions upon Odom, including, in pertinent part, that he would close his law office and surrender his license to practice law.
In the present complaint, the Bar invokes Rule 6, Rules of Discipline for the Mississippi State Bar (1984), and demands disbarment. In relevant part, Rule 6 provides
RULE 6. SUSPENSIONS AND DISBARMENTS BASED ON OTHER PROCEEDINGS
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law. [Emphasis supplied]
We have enforced the Rule as it is written. Once the Bar has provided us with a duly authenticated and certified copy of a Judgment of Conviction, we have taken that as "conclusive evidence" that the attorney has committed a disbarrable offense, and we have forthwith stricken his name from the rolls. See Mississippi State Bar v. Cotter, 512 So.2d 1288 (Miss. 1987); Holmes v. Mississippi State Bar, 498 So.2d 837 (Miss. 1986); Mississippi State Bar v. Nixon, 494 So.2d 1388 (Miss. 1986) and 562 So.2d 1288 (Miss. 1990).
Odom claims he has found an escape hatch from the rule's summary process. He answers and asserts that he "has not been found guilty of a crime of embezzlement or any other crime" and, therefore, the Bar's complaint "is outside the scope of Rule 6." He is right in his factual premise, for the Judgment before us expressly "withholds adjudication of guilt."
Rule 6(a) authorizes summary disbarment in narrowly limited categories of cases. The rule proceeds on the premise that the final adjudication of the criminal process in a court of competent jurisdiction is reliable, and sufficiently so that there is no need for the Complaint Tribunal to hear anew the facts and circumstances of the offense charged. Moreover, there is the premise that a final judgment of a court of competent jurisdiction is entitled to respect in the courts of this state. See Mississippi State Bar v. Young, 509 So.2d 210, 217 (Miss. 1987); Mississippi State Bar v. Phillips, 385 So.2d 943, 945 (Miss. 1980).
By its terms, Rule 6(a)'s summary process becomes available not only where the attorney shall be convicted of a criminal offense, but also where he shall
... enter a plea of guilty ... of any felony.
There can be no question but that on August 13, 1990, Odom entered a plea of guilty within the meaning and contemplation of Rule 6(a). What effects the Rule's process, however, is "a certified copy of the judgment of conviction. ..."
The Circuit Court's order of August 20, 1990, is not technically a "judgment of conviction." It is an order accepting Odom's guilty plea but withholding an adjudication of guilt. Acting under the authority of Miss. Code Ann. § 99-15-26 (Supp. 1990), the Circuit Court deferred further proceedings for three years and in effect placed Odom on probation subject to reasonably strict conditions, not the least of which is the payment of restitution. In pertinent part, the Circuit Court's order provided

*712 1. Defendant will surrender his license to practice law to the Court on the 20th day of November, 1990, with the understanding that he may continue to practice law until the 20th day of November, 1990, for the sole purpose of winding down his law practice, but he shall not take on or engage in any new business, pursuant the practice of law, during said time period.
2. Beginning on the 20th day of November, 1990, and for the following consecutive three (3) years thereafter, the Defendant is ordered by the Court and agrees that he will not engage nor appear to engage in the practice of law in any manner or form whatsoever. The above prohibition includes, but is not limited to, the following:
a. He shall close the Law Office of Adams and Odom.
b. He shall close any bank accounts used in his practice of law including, but not limited to, the bank account of Adams and Odom.
c. He shall not collect any fees or payments of any kind or form, after November 20, 1990, except for current accounts receivable collections, either directly or indirectly, related to or in consideration for the rendering of legal services or the giving of legal opinions or advice by him or any associate, employee, affiliate, partner.
d. He shall not render any services or give any opinions or advice regarding the workings or status of the law to any persons or entities, during the stated three (3) year probationary period.
e. He shall not hold himself out to be a lawyer to any persons or entities, either expressly or impliedly during the three (3) year period.
f. He shall not contest the bar complaint that is currently pending against him and will agree to be disbarred by the Mississippi State Bar.
g. He will not work for any lawyer during said three (3) year term.
h. He will not hire or pay any lawyer for services said lawyer renders for any third party other than himself.
The above order of this Court is independent of any disciplinary action that the Mississippi State Bar may impose against him and that should he be disbarred, the terms of his probation will have no binding effect on the Mississippi State Bar or the Mississippi Supreme Court; and should he not be disbarred or disbarred and reinstated prior to November 20, 1993, the terms of this agreement and probation will remain binding upon him.
In view of these provisions and the order accepting Odom's plea of guilty, we need not decide whether that order technically satisfies Rule 6(a)'s requirement that the Mississippi State Bar present to this Court a "certified copy of the judgment of conviction." What is important is that the order is one on its face well within the authority of the Circuit Court. It accepts Odom's guilty plea which brings him within the general scope of Rule 6(a)'s summary process. The order goes on to provide unequivocally that Odom will surrender his license to practice law and will "not contest the bar complaint that is currently pending against him and will agree to be disbarred." The order is certified and Odom has presented nothing questioning its authenticity or validity.
Enough said.
ORDER ENTERED THAT JOSEPH RUFUS ODOM BE DISBARRED, HIS LICENSE TO PRACTICE LAW IN THE STATE OF MISSISSIPPI RESCINDED, AND THAT ALL COSTS AND EXPENSES CONNECTED WITH THE FILING AND PROSECUTION OF THE FORMAL COMPLAINT ARE TAXED AGAINST APPELLEE.
HAWKINS, P.J., DAN M. LEE, P.J., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
ROY NOBLE LEE, C.J., not participating.