MeRAE, Justice,
for the Court:
This is a disciplinary action against attorney Sam Clifton, Sr., Bar # 6304, who pled guilty to the charge of false pretence before the Justice Court of Bolivar County, Mississippi.
The Mississippi Bar, pursuant to Rule 6, Rules of Discipline for the Mississippi Bar, has filed for summary process requesting that the attorney be disbarred, effective immediately. After a thorough review, we find that summary process is warranted pursuant to Rule 6, and that the ultimate disciplinary sanction of disbarment is proper, and it is so ordered.
On April 6, 1993, after a criminal affidavit had been filed in the Justice Court of Bolivar County on the charge of false pretense in violation of Miss.Code Ann. § 97-19-65 (1972), Sam Clifton, Sr., an attorney, pled guilty for issuing a bad check in the sum of $148.00 and delivering it to R.L. Aaron, Ltd., with an attempt to defraud.
Subsequent thereto, a formal complaint was filed with the Supreme Court by the Mississippi Bar. Summons was served to Clifton on August 12, 1993, directing that a response must be “mailed or delivered within twenty days from the date of delivery of this Summons and Formal Complaint or a Judgment by Default will be entered against [him] for the relief demanded in the Formal Complaint.” No response was filed by Clifton or any attorney representing him. However, Clifton sent a notice of resignation to the Mississippi Bar and advised the Bar that he was resigning from his position of Attorney at Law and discontinuing any practice of law in Mississippi.
In its complaint, the Bar invoked Rule 6, Rules of Discipline for the Mississippi Bar (1984) and insisted on Clifton’s disbarment. In part Rule 6 provides:
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction shall be presented to the Court by Complaint Counsel and shall he conclusive evidence thereof The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law. [Emphasis added],
Rule 6 proceeds on the basis that when a plea of guilty or conviction of guilt has been established in a criminal proceeding in a court of competent jurisdiction it is credible, dependable and reliable, and qualified so there remains no necessity for the Complaint Tribunal to review the facts pertaining to the offense charged. Mississippi State Bar v. Odom, 673 So.2d 710, 711 (Miss. 1990). See Mississippi State Bar v. Young, 509 So.2d 210, 217 (Miss.1987); Myers v. Mississippi State Bar, 480 So.2d 1080 (Miss. 1985); Mississippi State Bar v. Phillips, 385 So.2d 943, 945 (Miss.1980). No dispute can exist regarding Clifton’s guilty plea on April 6, 1993, and his plea brings him within the scope of Rule 6(a)’s summary process.
“Once the Bar has provided us with a duly authenticated and certified copy of a Judgment of Conviction, we have taken that as ‘conclusive evidence’ that the attorney has committed a disbarrable offense, and we have forthwith stricken his name from the rolls.” Mississippi State Bar v. Odom, 573 So.2d 710 (Miss.1990). See Mississippi State Bar v. Cotter, 512 So.2d 1288 (Miss.1987); Holmes v. Mississippi State Bar, 498 So.2d 837 (Miss.1986).
As we have stated before, because the law is the single most powerful force in our society, members of this profession must have and maintain high responsibilities and standards of conduct. “Unethical activities ... breed public disrespect for ... the members [of the law profession] thereof, and the law. Discipline is essential and it is the ultimate responsibility of this Court to see that appropriate discipline is administered after a proper complaint.” See Mississippi State Bar v. Phillips, 385 So.2d at 946. Clifton has not questioned the authority or validity of his guilty plea of a dishonest act.
*806 Therefore, the order of the Complaint Tribunal is affirmed and judgment is entered here disbarring Sam Clifton, Sr., Bar # 6304, from the practice of law in the State of Mississippi.
SAM CLIFTON, SR., MISSISSIPPI BAR # 6304, IS HEREBY DISBARRED AND HIS LICENSE TO PRACTICE LAW IN THE STATE OF MISSISSIPPI IS RESCINDED. ALL COSTS AND EXPENSES OF FILING AND PROSECUTING THE FORMAL COMPLAINT ARE TAXED AGAINST APPELLEE.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in results only.