630 So.2d 344 (1994)
THE MISSISSIPPI BAR
v.
ATTORNEY G.
No. 93-BD-0301.
Supreme Court of Mississippi.
January 13, 1994.
Order Correcting Text of Amended Rule 6 March 21, 1994.
*345 Michael B. Martz, Jackson, for petitioner.
John L. Hunter, Cumbest Cumbest Hunter & McCormick, Brent M. Bickham, Pascagoula, for respondent.
En Banc.
PRATHER, Presiding Justice, for the Court:
The issue in this attorney discipline case is whether an attorney may be disbarred under the summary procedure of Rule 6(a) of the Rules of Discipline when there has been a non-adjudication of his guilt of a felony crime, but there has been an admission by the attorney of his felonious conduct. The Mississippi Bar contends the summary procedure is proper; the attorney's position is that without a "judgment of conviction," he is entitled to a tribunal hearing under Rule 8 of the Rules of Discipline.
Since the criminal statutory procedure of Miss. Code Ann. § 99-15-26 (Supp. 1993) does not provide this Court with a final decree nor a judgment of conviction of a crime, this Court holds that the disciplinary rules require a Complaint Tribunal hearing. However, to correct this deficiency in our Rules of Discipline, this Court amends Rule 6(a) to remedy this situation in future discipline cases.

I. Facts
Attorney G's brief contains the following recital of facts.
Attorney G presented himself to the Circuit Court of the First Judicial District of Harrison County, Mississippi, in cause number 27,073, and executed a Waiver of Indictment to the charge set forth in Section 77-1-11(1), Mississippi Code 1972, Annotated as amended, (1992 Supp.),[1] and tendered a Petition to Proceed by Bill of Information without the finding of a Grand Jury indictment in regard to said charge. The information alleged that Attorney G "while a duly qualified candidate for the office of Public Service Commissioner for the Southern District of Mississippi, did willfully, knowingly, and feloniously accept, either directly or indirectly, a gift and campaign contribution from Clarence Johnson, Jr., a person interested as owner, agent and representative of Orange Grove Utilities, Inc., a utility company that comes under the jurisdiction and supervision of the Public Service Commission" and this conduct violated Mississippi Code Annotated Section 77-1-11(1), as amended (Supp. 1992). During the proceedings, Attorney G tendered a plea to this charge which the Circuit Court refused to accept as shown in its Order to the Bar's Formal Complaint. The Circuit Court also withheld *346 adjudication of guilt. As a part of its Order, the Court placed Attorney G on probation and retained jurisdiction of this matter to enter a final Order, conditioned upon the successful or unsuccessful completion of the probation.
There has been no final order of dismissal in this proceeding, and it is still a pending case.
The Mississippi Bar filed a formal complaint against Attorney G to disbar the attorney under the summary procedure of Rule 6(a) of the Mississippi Rules of Discipline.[2] Attorney G objects to the applicability of Rule 6(a), but contends that he is entitled to a Rule 8[3] Complaint Tribunal hearing and an opportunity to present mitigating circumstances. On appeal, Attorney G raises the following issue:
The Bar has not complied with the procedures for disbarment of Rule 6 because (a) Attorney G's guilty plea was not accepted by the trial court and (b) the Bar failed to present a certified copy of a judgment of conviction.

II. Position of the Parties
Attorney G argues that the Bar has failed to comply with any of the requirements for automatic disbarment as enumerated in Rule 6(a) of the Rules of Discipline. He reasons that because a proceeding to disbar an accused attorney implicates due process, Rule 6(a) must be strictly construed. It is his contention that, under a strict construction of the rule, none of the requirements for disbarment are met. In the proceeding on May 28, 1992, Attorney G "tendered" a plea of guilty pursuant to Miss. Code Ann. § 99-15-26 (Supp. 1993).[4] The attorney further contends that, under this statute, the trial judge then "withheld acceptance" of the plea and ordered that Attorney G be placed on two (2) years non-reporting probation on certain conditions. No final decree of dismissal has been entered in this cause.
*347 Attorney G argues that the trial court in this case specifically withheld acceptance of his guilty plea and also withheld adjudication of guilt based upon the plea that he "tendered." Therefore, he asserts that neither a guilty plea, nor a final judgment of conviction, as required in Rule 6(a) has been entered. The trial court retained jurisdiction to enter a final order conditioned upon the successful completion of the probation ordered, and if Attorney G complies with the terms of his probation, there will be no adjudication of guilt.
The Bar argues that even though Attorney G's guilty plea may not have been accepted by the trial court and the court has not adjudicated Attorney G guilty of the any crime, he should be summarily disbarred according to Rule 6(a) because of the entry of his guilty plea.[5]

III. Applicable Law
Initially, this Court does not accept the premise that the attorney's guilty plea was "tendered" and not "entered" in the circuit court. Miss. Code Ann. § 99-15-26 (Supp. 1993) requires "the entry of a plea of guilty by a criminal defendant ..." before the circuit court can act under the statute. (Emphasis added). The statute grants the authority to the Court to impose sentence. It is a situation similar to imposition of probation without sentencing. Delaney v. State, 190 So.2d 578 (Fla. 1966); 56 ALR 3d 933.
Further, the statute provides that the Court may "withhold acceptance" of the plea pending successful completion of the conditions imposed by the Court. Attorney G's counsel represents to this Court that the plea was not accepted, and that the case has not been closed. The circuit court record is not before this Court.
The Bar relies upon the case of Mississippi State Bar v. Odom, 573 So.2d 710 (Miss. 1990), to support its position that a summary procedure may be used notwithstanding the lack of a final adjudication of a criminal proceeding. Odom is distinguishable from this case. In Odom, the non-adjudication of guilt procedure of § 99-15-26 was utilized, but the conditions imposed by the circuit court included a requirement that Odom surrender his license to practice law and ordered that he not practice law for a three year probationary period. Odom agreed to this condition voluntarily. The order recited that its conditions were "independent of any disciplinary action that the Mississippi State Bar may impose"; and imposed a prohibition against Odom's contest of the Bar's complaint "currently pending against him" and noted that he agreed to be disbarred. Nevertheless, Odom did contest disbarment, contrary to his agreement with the court. None of those facts are present in the instant case. The holding in Odom was that the non-adjudication of guilt order was "not technically a `judgment of conviction,'" but that the order of the circuit court brought him within the summary process of Rule 6(a).

IV. Analysis
The Rules of Discipline adopted by this Court are rules under which attorneys are sanctioned for violation of ethical standards. The rules afford procedural due process to attorneys when accusations of misconduct are made. One method of imposing a sanction provides for a summary procedure when the attorney has had a "final adjudication of a criminal process in a court of competent jurisdiction." Odom at 711. The criminal proceeding has afforded the attorney his forum and the certified judgment of conviction is presumed to be reliable. It is, therefore, not necessary for a Complaint Tribunal to hear the facts again. Mississippi Bar Discipline Rule 6(a). The certified judgment of conviction is a sufficient basis upon which to proceed summarily. However, where unethical conduct not processed through a criminal court is charged, the Bar must present its proof in a Complaint Tribunal hearing before *348 a sanction may be imposed. Mississippi Bar Discipline Rule 8.
Here, this Court is faced with a "loophole" in the procedure when an attorney has confessed to the felonious conduct, but there is no "certified judgment of conviction." This Court, however, is bound by its own disciplinary rules. Since attorney disbarment and suspension cases are quasi-criminal in character, this Court must construe the rules strictly. In the Matter of Richard A. Thalheim, Jr., Plaintiff-Appellant, 853 F.2d 383 (5th Cir.1988), the Fifth Circuit Court of Appeals held:
Attorney disbarment and suspension cases are quasi-criminal in character. Accordingly, the court's disciplinary rules are to be read strictly, resolving any ambiguity in favor of the person charged.
Id. at 388. [citations omitted.] The above case further states that:
When a court undertakes to sanction an attorney for violating court rules, it is incumbent upon the sanctioning court to observe scrupulously its own disciplinary procedure. If the rules are inadequate, the court can proceed to amend them. But unless and until such amendment occurs, attorneys have the right to rely upon the rules.
Id. at 390. This Court, in Odom, declined to answer the question of whether an order which did not technically constitute a "certified copy of the judgment of conviction" falls within the realm of Rule 6(a) because it found that Odom had plead guilty, the lower court had accepted that plea, and Odom agreed not to contest a disciplinary proceeding against him. Odom is not authoritative on the question before us.
Without a certified copy of a judgment of conviction, the rules dictate that this Court convene a Complaint Tribunal under Rule 8 and afford Attorney G a hearing. The Bar may file a complaint before the Tribunal, which will be expeditiously convened.

V. Rule Amendment
This Court now addresses the Rules of Discipline for members of the Mississippi Bar. On September 12, 1990, the Mississippi Bar filed a petition with this Court requesting, inter alia, a rule change in Rule 9.3, which petition was advertised in the October-November 1990 issue of the Mississippi Lawyer. Three objections were received by the Court, but only one anonymous objection addressed the issue in question.
This Court holds that prior notice is sufficient to address a rule change of Rule 6 consistent with that expressed in the Bar's petition affecting Rule 9.3. The instant case presents a scenario which needs immediate remedying as our present procedures do not allow the imposition of immediate sanctions for admitted felonious conduct under the non-adjudication of guilt statutory procedure of Miss. Code Ann. § 99-15-26 (Supp. 1993). This Court, therefore, orders the amendment of the Rules of Attorney Discipline as appended in Exhibit A. This amendment shall not apply to the instant case before the Court, but shall apply prospectively to all attorney discipline cases arising after the date of filing of this opinion. This rule change of Rule 6 shall be forwarded to West Publishing Company and the Mississippi Lawyer for inclusion in a future publication.
REMANDED FOR COMPLAINT TRIBUNAL HEARING FOR ATTORNEY G.
HAWKINS, C.J., SULLIVAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J. dissents with separate written opinion.
DAN M. LEE, P.J., concurs with majority opinion, dissents to amendment of rule.
PITTMAN, J., not participating.

EXHIBIT A

RULE 6. SUSPENSIONS AND DISBARMENTS BASED ON OTHER PROCEEDINGS
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be *349 convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss. Code Ann. § 99-15-26 (Supp. 1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss. Code Ann. § 99-15-26 (Supp. 1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
(b) Upon reversal of the conviction or judgment that has resulted in the automatic suspension, the attorney shall be immediately reinstated, but such reinstatement shall not bar or terminate any disciplinary proceeding instituted thereafter or then pending against the attorney. For purposes of these rules executive clemency or pardon shall not constitute reversal of the conviction and shall not bar or terminate disciplinary proceedings predicated upon such convictions or judgments. Dismissal of charges pursuant to the provision of Miss. Code Ann. § 99-15-26 (Supp. 1993), or any similar state or federal division statute shall have no effect upon disciplinary proceedings or sanctions predicated upon an entry, offer or tender of a plea of guilty or nolo contendere.
...
(f) The judge of any court within this state shall have the affirmative duty to cause a certified copy of a conviction or judgment or order accepting or acknowledging the offer or of tender of a plea pursuant to Miss. Code Ann. § 99-15-26 (Supp. 1993), or any similar provision of a state or federal law to be transmitted to Complaint Counsel.

Procedure
(6.1) A Formal Complaint, with a certified copy of the criminal judgment or conviction or order accepting or acknowledging the entry, offer, or tender of a plea pursuant to Miss. Code Ann. § 99-15-26 (Supp. 1993), or any similar provision of state or federal law attached, and a motion for indefinite suspension pending appeals shall be filed with the Court, upon which the attorney shall be automatically suspended subject to the right of such attorney to move for reconsideration upon a showing that the judgment or connection has been reversed or a new trial is granted.
McRAE, Justice, dissenting:
Indeed, as the majority states, this Court is faced with a "loophole" in the procedure where an attorney confesses to a felony, but no "certified judgment of conviction" exists. I, however, object to the majority's finding that without a certified copy of a judgment of conviction no automatic summary disbarment can occur. An entry of a guilty plea under Rule 6 of the Rules of Discipline for the Mississippi Bar alone establishes authority for the Mississippi Bar to take the necessary procedures to suspend an attorney. I also chide the district attorney and judge involved in this case for not complying with Rule 8.3 of the Rules of Professional Conduct. As it is their duty to first and foremost fulfill their responsibilities, the judge and district attorney should have related Attorney G's violation of the Rules of Professional Conduct to the Mississippi Bar Association conforming with Rule 8.3 which mandates the reporting of professional misconduct. Accordingly, I dissent.
An entry of a plea of guilty alone establishes culpability. Once one pleads guilty, the Mississippi Bar need not wait for a final guilty verdict before it suspends an attorney without a supersedeas bond. In the case at hand, Attorney G admitted to willfully, knowingly and feloniously accepting a gift and campaign contribution in violation of Miss. Code Ann. § 77-1-11(1) (Supp. 1992). The guilty plea should in itself give a "green light" to the Bar to take the appropriate *350 measures needed for suspension. Contrary to the majority's holding, Mississippi State Bar v. Odom, 573 So.2d 710 (Miss. 1990), does provide guidance to the case at hand. There, the Court stated:
Rule 6(a) authorizes summary disbarment in narrowly limited categories of cases. The rule proceeds on the premise that the final adjudication of the criminal process in a court of competent jurisdiction is reliable, and sufficiently so that there is no need for the Complaint Tribunal to hear anew the facts and circumstances of the offense charged.
Odom, 573 So.2d at 711. Clearly, Attorney G's violation of Miss. Code Ann. § 77-1-11(1) falls within the "limited category of cases" of Rule 6(a). No doubt if Attorney G had pled not guilty to the charge but, later, had been convicted in court of the charge, summary disbarment would have applied. Attorney G's guilty plea should be afforded the same degree of trustworthiness as a conviction. This is especially true since Attorney G, a practicing attorney cognizant of the rights of an accused, acknowledged in part: "I understand the nature of the charge against me and request the Court to enter a plea of guilty to said charge."
I agree with the majority that Rule 6(a) lacks clarity. What is clear, however, is that once Rule 6(a) is invoked by the complaint counsel, the cause is sent directly to the Supreme Court. At this time, we can either affirm or deny the summary disbarment procedure. The attorney can then serve his suspension time or, after we adjudicate the matter, if necessary, ask for reconsideration under Rule 6(d) of the Rules of Discipline for the Mississippi Bar. That rule provides:
When time for appeal from judgment or conviction provided above expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.
The purpose of Rule 6(a) is to expedite a method of summary disbarment when an attorney is convicted in a competent court of a crime that is a basis for permanent disbarment. It is a disservice to our society to allow Attorney G's admission of guilt to go unnoticed and not to permit the use of Rule 6(a). Attorney G should certainly be afforded appropriate due process. This, however, can be accomplished by filing a motion for a supersedeas bond with this Court and requesting a hearing concerning any possible mitigating circumstances. While the bond may or may not be granted, a tribunal can be appointed to hear any mitigating or peculiar circumstances the attorney deems necessary to present.
Rule 6(a) should, however, incorporate Rule 8.3 of the Rules of Professional Conduct subjecting lawyers, district attorneys and judges to punishment, including suspension or disbarment, when they do not report known violations of the Rules of Discipline or Rules of Professional Conduct. Rule 8.3 specifically provides in part:
A lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.

An attorney's conduct is independent of a trial judge's acceptance of a non-adjudicated agreement between the attorney and the district attorney. A matter can be nonadjudicated in which an attorney pleads guilty to a crime of dishonesty, and, technically, the Mississippi Bar and this Court would never be put on notice of the crime since no conviction would appear in the record. An attorney, therefore, can serve his suspended sentence after entering a guilty plea and later be reinstated as an attorney without any reprimand. This "loophole" should not continue. Our professional rules of conduct impart to attorneys self-regulation. Also, judges remain under the ramifications of the Rules of Professional Conduct as they are preeminently attorneys. These members of our legal system are representatives of the general public and have the duty and responsibility to uphold justice as well as their own professional standards.
The majority's decision today provides an escape mechanism for attorneys who violate the professional standards they are charged *351 to uphold. A "loophole" is exactly what has occurred in the majority's holding, as the purpose of Rule 6(a) has not been fulfilled. For these reasons I dissent.
NOTES
[1] § 77-1-11. Acceptance by or offering to commission members, candidates or employees of gifts, passes, campaign contributions or other benefits.

(1) It shall be unlawful for any Public Service Commissioner, any candidate for Public Service Commissioner, or any employee of the Public Service Commission or Public Utilities Staff to knowingly accept any gift, pass, money, campaign contribution or any emolument or other pecuniary benefit whatsoever, either directly or indirectly, from any person interested as owner, agent or representative, or from any person acting in any respect for such owner, agent or representative of any railroad, common or contact carrier by motor vehicle, telephone company, gas or electric utility company, or any other public utility that shall come under the jurisdiction or supervision of the Public Service Commission.
[2] RULE 6. SUSPENSIONS AND DISBARMENTS BASED ON OTHER PROCEEDINGS

(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension [and subsequent disbarment] from the practice of law. (Emphasis added).
[3] RULE 8. COMPLAINT TRIBUNAL-POWERS AND DUTIES.

(a) All formal complaints shall be filed with the Clerk of the Court and the Court shall designate a Complaint Tribunal to hear and determine the matter. Hearings before Complaint tribunals shall be as cases in chancery.
(b) At the conclusion of the hearing, upon majority vote, the tribunal shall render a written opinion incorporating a finding of fact and a judgment which may:
(i) Exonerate the accused attorney and dismiss the Formal Complaint; or
(ii) Publicly or privately reprimand the attorney; or
(iii) Suspend the attorney with or without probation for a fixed period of time and may specify conditions to reinstatement; or
(iv) Disbar the attorney.
[4] § 99-15-26. Dismissal of action upon successful completion of certain court-imposed conditions.

(1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section... .
(2) Conditions which the circuit or county court may impose under subdivision (1) of this section shall consist of:
(a) Reasonable restitution to the victim of the crime.
(b) Performance of not more than nine hundred sixty (960) hours of public service work approved by the court.
(c) Payment of a fine not to exceed the statutory limit.
(d) The court, may, in its discretion, require the defendant to remain in the program subject to good behavior for a period of time not to exceed one-half (1/2) of the maximum sentence allowable for the crime committed by the defendant.
(3) Upon successful completion of the court-imposed condition permitted by subdivision (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
[5] The Bar points out that, in Attorney G's Petition to Enter Guilty Plea, no less than nine references were made to his intention to plead guilty to the charge of violating Miss. Code Ann. § 77-1-11. In addition, Attorney G executed an "Acknowledgement of Service of Information and Request to Enter Plea of Guilty" which provided, in part, as follows: "I understand the nature of the charge against me and request the Court to enter a plea of guilty to said charge." He was represented by an attorney in addition to being an attorney himself.