OPINION AND ORDER
¶ 1. This matter comes before us following our decision in Mississippi Bar v. Attorney G., 630 So.2d 344 (Miss. 1994) which amended Rule 6(a) of the Rules of Discipline for the Mississippi Bar to allow this Court to rule on non-adjudicated cases involving felonies without recommendation from a Complaint Tribunal. As a result of his arrest and plea of guilty to felonious possession of a controlled substance even though it was non adjudicated by the trial court, Gerald K. Baldwin, Jr. ("Baldwin"), is disbarred from the practice of law in Mississippi.
 I.
¶ 2. On August 18, 1999, the Mississippi Bar ("the Bar"), filed a Formal Complaint with this Court pursuant to Rule 6 of the Rules of Discipline for the Bar against Baldwin. The Bar accused Baldwin of unprofessional and unethical conduct and conduct evincing unfitness for the practice of law, constituting legal grounds for the imposition of discipline and asking this Court to disbar him.
¶ 3. Baldwin pled guilty to the charge of possession of cocaine in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on or about July 26, 1999. The next day, the circuit court entered an order withholding acceptance of Baldwin's guilty plea. Nevertheless, based upon said tendering of a guilty plea, adjudication of guilt and imposition of sentence in accordance with Miss. Code Ann. § 41-29-150 (d)(1) (1973), the court sentenced Baldwin to one year under the supervision of the Mississippi Department of Corrections and fined him $3,000 and all costs. The Court also ordered that he attend an alcohol and drug treatment as directed by the MDOC. *Page 997 
¶ 4. Baldwin responded to the complaint on September 16, 1999, stating that he is in compliance with the trial court's order and has also entered the Lawyers and Judges substance abuse program, and he asked this Court to dismiss the Formal Complaint against him.
 II.
¶ 5. The Mississippi Bar charges Baldwin with the unprofessional and unethical conduct and conduct evincing unfitness for the practice of law, which constitute legal grounds for the imposition of discipline. The Bar alleges that the crime for which Baldwin entered a guilty plea, felonious possession of a controlled substance, is among the types of crime contemplated by Rule 6 of the Rules of Discipline for the Bar as it is a crime constituting a felony. The Bar asks that this Court enter an order disbarring Baldwin from practicing law in the State of Mississippi.
¶ 6. In response, Baldwin admits to having a problem with drugs and through the Judges and Lawyers Assistance Program of the Mississippi State Bar has enrolled in an alcohol and drug treatment program of which he is currently in compliance. Baldwin will have completed the non-adjudication on July 27, 2000. Baldwin has not been convicted of a felony, has no other charges or suits pending against him and argues that he should be given an opportunity to complete the non-adjudication before any disbarment action is taken. Further, Baldwin asserts that upon completing the non-adjudication requirements, he should be reinstated. Lastly, Baldwin argues that a disbarment is not warranted in this case and would be unjust, violating his constitutional rights.
¶ 7. This Court has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. In re Massey,670 So.2d 843, 844 (Miss. 1996); Burgin v. Mississippi State Bar,453 So.2d 689, 690 (Miss. 1984). Pursuant to Rule 1 of the Rules of Discipline for the Mississippi Bar, this Court shall be the ultimate judge of matters arising under these rules. The burden is usually on the Mississippi Bar to show by clear and convincing evidence that an attorney's actions constitute professional misconduct. Goodsell v. Mississippi Bar, 667 So.2d 7, 9 (Miss. 1996) (citing Terrell v. Mississippi Bar, 635 So.2d 1377, 1384 (Miss. 1994)).
¶ 8. Rule 6(a) of the Rules of Discipline provides for the summary procedure allowing suspension and disbarment of attorneys based on other proceedings:
 (a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss. Code Ann. § 99-15-26
(Supp. 1993), or any similar provision in state or federal law therein of any felony (other than manslaughter), or any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss. Code Ann. § 99-15-26 (Supp. 1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
(emphasis added).
¶ 9. This Court was confronted with a similar situation in which an attorney wrongfully accepted campaign contributions. Mississippi Bar v. Attorney G., 630 So.2d 344 (Miss. 1994). The issue presented was whether an attorney could be disbarred under the summary procedure of Rule 6 (a) of the Rules of Discipline when *Page 998 
there had been a non-adjudication of his guilt of a felony crime, but there had been an admission by the attorney of his felonious conduct. Mississippi Bar, 630 So.2d at 345. While the Mississippi Bar argued that the procedure was proper, the attorney contended that without a "judgment of conviction," he was entitled to a tribunal hearing under Rule 8 of the Rules of Discipline. Id.
¶ 10. At the time of the above mentioned case, the procedures in place did not allow for the imposition of immediate sanctions for admitted felonious conduct under the non-adjudication of guilt statutory procedure of Miss. Code Ann. § 99-15-26 (Supp. 1999) without a hearing by the Complaint Tribunal. Mississippi Bar, 630 So.2d at 348. However, we held that the case presented issues of such importance that it needed immediate remedying, Rule 6 (a) was amended to allow the immediate suspension of an attorney. Id. As a result, this Court now has the power to disbar or suspend Baldwin's license without guidance from a Complaint Tribunal.
¶ 11. Attorneys have been disbarred for drug possession in the past. Williams v. Mississippi State Bar Ass'n., 492 So.2d 578, 581 (Miss. 1986) (Attorney disbarred after pleading guilty to possession of some sixty (60) pounds of marijuana). In Mississippi State Bar v. Gautier, 538 So.2d 772 (Miss. 1989), Gautier pled guilty in the Circuit Court of the First Judicial District of Hinds County, Mississippi, to the charge of possession of cocaine in violation of Miss. Code Ann. § 41-29-139 (1993). For this conviction, Gautier was sentenced to three years, suspended upon the completion of Lifemark Program and confession of disbarment. Gautier, 538 So.2d at 772.
¶ 12. Most disbarment cases in the past involving drugs have resulted in disbarment due to the large amount found on the attorney. Baldwin was sentenced under Miss. Code Ann. § 41-29-150
(d)(1) (1993) which constitutes the felonious possession of a controlled substance.
¶ 13. Pursuant to our holding in Mississippi Bar v. Attorney G.,630 So.2d 344 (Miss. 1994) this Court now has the power to render immediate sanctions for admitted felonious conduct under the non-adjudication of guilt statutory procedure of Miss. Code Ann. §99-15-26 (Supp. 1999) and Rule 6 of the Rules of Discipline, without a hearing by the Complaint Tribunal. We have previously held that a plea of guilty to a felony mandates automatic disbarment. Mississippi Bar v. Murphy, 675 So.2d 845 (Miss. 1996); Mississippi Bar v. Sykes, 637 So.2d 192 (Miss. 1994). Finding that Baldwin did in fact commit a crime resulting in unprofessional and unethical conduct evincing unfitness for the practice of law and pled guilty to such felony, we must disbar.
 III.
¶ 14. IT IS, THEREFORE, ORDERED as follows:
 1. Gerald K. Baldwin, Jr., is hereby disbarred from the practice of law in the State of Mississippi and his name shall be immediately removed from the rolls of the Mississippi Bar;
 2. The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party herein a copy of this Opinion and Order and shall send a copy to Baldwin by certified mail, return receipt requested;
 3. The Clerk shall immediately forward an attested copy of this Opinion and Order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the In the Supreme Court of the United States;
 4. The Clerk shall immediately forward an attested copy of this Opinion and Order to the judges of the circuit, chancery and county courts of the districts where Baldwin resided and practiced law, with instructions to include a copy of this Opinion *Page 999 
and Order upon the minutes of their respective courts;
 5. The Clerks shall forward an attested copy of this Opinion and Order to the Executive Director of the Mississippi Bar;
 6. The Bar is entitled to recover from Baldwin all costs of this disciplinary proceeding, as well as all previously assessed sums. The Bar shall file its Motion for Costs and Expenses with the Court within ten (10) days of the filing of this Opinion and Order;
 7. Baldwin is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any Court of the State of Mississippi, or before any administrative body or agency thereof; and from holding himself out to others as or using his name in any manner, in conjunction with the phrases "attorney at law," "attorney," "counselor at law," "counselor," or "lawyer," for the period of his disbarment until such time as he is reinstated to the practice of law in this State by the Supreme Court of Mississippi;
 8. Within ten (10) days of receipt of this Opinion and Order, Baldwin shall notify in writing each of his Mississippi clients of his disbarment and of his consequent inability to act as an attorney and shall advise each such client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere;
 9. Baldwin shall return all files, papers, monies and other properties belonging to his Mississippi clients in his possession, if any such clients request same after receiving notification from him. Within thirty (30) days of receipt of this Opinion and Order, Baldwin shall file with this Court an Affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients have been returned as ordered herein; and showing in the cases where it was not possible to notify such clients or return their property; that due diligence was used to do so; and
 10. Within 10 (ten) days of receipt of this Opinion and Order, Baldwin shall notify every attorney and adverse party in any Mississippi proceeding in which he is involved and all affected Courts and agencies, of his disbarment and consequent inability to act as an attorney. Within thirty (30) days of receipt of this Opinion and Order, Baldwin shall file with this Court an Affidavit stating that all attorneys or adverse parties in any such proceeding in which he is involved, and all affected Courts and agencies, have been notified of his disbarment and consequent inability to act as an attorney.
¶ 15. GERALD K. BALDWIN, JR., IS HEREBY DISBARRED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI.
PRATHER, C.J., SULLIVAN AND PITTMAN, P. JJ., BANKS, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.