647 So.2d 706 (1994)
The MISSISSIPPI BAR
v.
Jimmy D. McGUIRE.
No. 94-BD-00520.
Supreme Court of Mississippi.
December 15, 1994.
Michael B. Martz, Miss. State Bar, Jackson, for petitioner.
Jimmy D. McGuire, pro se.
William Liston, Winona, for respondent.
En Banc.
HAWKINS, Chief Justice, for the Court:
On May 18, 1994, attorney Jimmy D. McGuire was convicted of the felony of filing a false currency reporting form. On June 3, 1994, the Mississippi Bar filed with this Court a Motion for Indefinite Suspension Pending Appeal, Striking from Rolls, Suspending and Staying Proceedings and a Formal Complaint. McGuire then, on June 28, 1994, entered in this Court a Response to Motion for Indefinite Suspension Pending Appeal, Striking from Rolls, Suspending and Staying Proceedings with this Court, a Response to Formal Complaint, and a Motion to Stay Ruling on Formal Complaint and Motion for Indefinite Suspension Pending Appeal, Striking from Rolls, Suspending and Staying Proceedings. On August 10, 1994, McGuire filed a Motion to Dismiss (1) Formal Complaint and (2) Motion for Indefinite Suspension to which the Mississippi Bar filed a response five days later.

FACTS
Jimmy D. McGuire was convicted on May 18, 1994, in the United States District Court for the Southern District of Mississippi, Southern Division, of the felony of filing a false currency reporting form in violation of § 6050I(f)(1)(B), Title 26 United States Code and § 7206(1), Title 26, United States Code.
On June 3, 1994, the Mississippi Bar filed in this Court a motion styled "Motion for Indefinite Suspension Pending Appeal, Striking from Rolls, Suspending and Staying Proceedings." This motion claims that as Rule 6 of the Rules of Discipline for the Bar requires the immediate suspension of any attorney convicted of a felony and the disbarment of that attorney upon the expiration of the time for an appeal or upon the conclusion of the appeal without reversal, the so-convicted McGuire should be immediately suspended and, depending on the disposition of his appeals, disbarred. On that same day, the Bar also filed a Formal Complaint asking for McGuire's disbarment under Rule 6 and for the recovery of costs and expenses incurred in the pursuit of that Complaint. Accompanying both the Motion and the Formal Complaint *707 were certified copies of the Indictment and the Judgment on Jury Verdict against McGuire.
After his conviction McGuire filed a Motion for Judgment of Acquittal in the United States District Court for the Southern District on May 24, 1994. On June 28, 1994, he filed in this Court a Response to Motion for Indefinite Suspension Pending Appeal, Striking from Rolls, Suspending and Staying Proceedings with this Court, a Response to Formal Complaint, and a Motion to Stay Ruling on Formal Complaint and Motion for Indefinite Suspension Pending Appeal, Striking from Rolls, Suspending and Staying Proceedings.[1] On August 10, 1994, McGuire filed a Motion to Dismiss (1) Formal Complaint and (2) Motion for Indefinite Suspension to which the Mississippi Bar filed a response five days later.
McGuire's second motion states that he should not be disbarred for his felony conviction as Miss. Code Ann. § 73-3-339 lists violations of the Internal Revenue Code as an exception to the felony disbarment rule.

LAW
Miss. Code Ann. § 73-3-339 (Supp. 1993) reads in part:
Whenever any attorney subject to the disciplinary jurisdiction of the court shall be convicted in any state court or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, of any felony other than manslaughter or any violation of the United States Internal Revenue Code, or of any offense involving fraud, dishonesty, misrepresentation, deceit, failure to account for money or property of a client, or of any offense involving moral turpitude, a certified copy of the judgment of conviction shall be presented to the court by the Board of Commissioners. Upon the presentation of such certified copy of judgment, the court shall forthwith strike the name of the attorney so convicted or who entered such a plea from the rolls of the Mississippi Bar and order his immediate suspension from practice, pending an appeal and final disposition of disciplinary proceedings. Such attorney will be reinstated immediately upon the reversal of his conviction for the offense that has resulted in his automatic suspension, but such reinstatement shall not terminate any disciplinary proceeding then pending against the attorney... .
Id.
However, Rule 6 of the Rules of Discipline for the Mississippi State Bar states:
(a) Whenever any attorney subject to the disciplinary jurisdiction of the [Supreme] Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
... .
(d) When time for appeal from judgment or conviction provided above expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.
Rule 6, Rules of Discipline for the Mississippi State Bar.
As the statute and the rule appear to contradict each other the question becomes which of the two controls. Fortunately, this question has already been answered. Under Rule 1(a) of the Rules of Discipline:
The Supreme Court of Mississippi (the Court) has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys, *708 and hereafter such proceedings shall be conducted in accordance with these rules. The Court shall be the ultimate judge of matters arising under these rules and amend them when necessary or desirable.
Rule 1(a), Rules of Discipline for the Mississippi State Bar.
Furthermore, according to Rule 29(a) of the Rules of Discipline, "From and after the adoption of these rules, all other rules or statutes pertaining to attorney disciplinary proceedings shall be superseded by these rules."
The effect of the enactment of these Rules is documented in the case of Mississippi State Bar v. Attorney L, 511 So.2d 119 (Miss. 1987):
At the time the [Mississippi Rules of Civil Procedure] became effective, January 1, 1982, bar disciplinary matters were considered to be governed by statute. Effective January 1, 1984, however, this Court asserted its exclusive and inherent jurisdiction of matters pertaining to attorney discipline, and promulgated rules of discipline for the Mississippi State Bar... .
The present state of the matter is this. All bar disciplinary matters are governed first and foremost by the Rules of Discipline for the Mississippi State Bar, effective January 1, 1984, together with all amendments thereto, subject only to the Constitutions of the State of Mississippi and of the United States of America... .
Id., at 122 (citations omitted).
Under the Rules and this case, any statute, including Miss. Code Ann. § 73-3-339, is trumped by a contradictory Rule of Discipline. McGuire's attempt to interpose this statute in the face of the contradictory Rule 6(a) must therefore fail. His Motion to Dismiss (1) Formal Complaint and (2) Motion for Indefinite Suspension is therefore DENIED.
Furthermore, as no other valid objections have been raised and as McGuire has been convicted of a felony, this Court strikes the name of the attorney and orders his immediate suspension from the practice of law under Rule 6 of the Rules of Discipline for the Mississippi State Bar. The Mississippi Bar's Motion for Indefinite Suspension Pending Appeal, Striking from Rolls, Suspending and Staying Proceedings is hereby GRANTED.
Finally, as Rule 6 requires the expiration of time for appeal from judgment or conviction or the conclusion of all appeals without reversal before an attorney may be permanently disbarred, and as such facts have not been certified to this Court, consideration at this time of the Mississippi Bar's Formal Complaint which requests McGuire's permanent disbarment would be premature.
McGUIRE'S MOTION TO DISMISS FORMAL COMPLAINT AND FOR INDEFINITE SUSPENSION DENIED. THE MISSISSIPPI BAR'S MOTION FOR INDEFINITE SUSPENSION PENDING APPEAL, STRIKING FROM ROLLS, SUSPENDING AND STAYING PROCEEDINGS GRANTED. THE MISSISSIPPI BAR'S FORMAL COMPLAINT FOR McGUIRE'S PERMANENT DISBARMENT DENIED WITHOUT PREJUDICE. JIMMY D. McGUIRE IS HEREBY INDEFINITELY SUSPENDED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
PITTMAN and McRAE, JJ., concur in result only.
NOTES
[1] McGuire's Motion for Judgement of Acquittal was dismissed by United States Southern District Judge David Bramlette on August 10, 1994 thus rendering his first series of motions with this Court moot. (Response to Motion to Dismiss (1) Formal Complaint and (2) Motion for Indefinite Suspension, Exhibit A)