890 So.2d 827 (2003)
The MISSISSIPPI BAR
v.
J. Keith SHELTON.
No. 2003-BD-00159-SCT.
Supreme Court of Mississippi.
September 18, 2003.
Rehearing Denied December 4, 2003.
Michael B. Martz, for appellant.
Greg Snowden, Meridian, for appellee.
EN BANC.
*828 COBB, Justice, for the court.
¶ 1. This matter is before this Court on the Mississippi Bar's Formal Complaint requesting disbarment of attorney J. Keith Shelton of Waynesboro, Mississippi; Shelton's Motion to Dismiss or in the Alternative to Designate a Rule 8 Complaint Tribunal; and the Bar's response to Shelton's motion. After carefully considering this matter, we conclude that Shelton pled guilty to a crime which triggers Rule 6 of the Rules of Discipline for the Mississippi Bar and that a plea under Rule 6(a) mandates immediate suspension from the practice of law. By order of June 30, 2003, this Court ordered J. Keith Shelton's name struck from the roll of attorneys, suspended Shelton as a member of the Mississippi Bar, and denied his Motion to Dismiss or in the Alternative to Designate a Rule 8 Complaint Tribunal. This opinion explains in more detail our reasons for that order.

FACTS
¶ 2. A formal complaint was filed by the Bar against Shelton on January 23, 2003, based upon Shelton's December 9, 2002, petition to enter a "best interest" plea[1] in the Hinds County Circuit Court, First Judicial District, to charges of bribery brought pursuant to the provisions of Miss.Code Ann. § 97-11-11 & § 99-15-26 (Rev.2000). The indictment reads as follows:
That J. Keith Shelton and James E. Jennings, Jr ....on or about the 16th day of April, 1997 did willfully, unlawfully and feloniously, in violation of § 97-11-11, Mississippi Code, 1972, as Amended, promise and offer to give a thing of value and inducement to a certain public officer, namely, Houston J. Patton, who was then and there a duly elected and presently sitting County Court Judge in and for Hinds County, Mississippi, with the intent of the defendants, and each of them, to influence the action of said Houston J. Patton on a certain matter then pending and subject to the action or judgment of the said Houston J. Patton, specifically, a civil action in the County Court of the First Judicial District of Hinds County, Mississippi styled "James Jennings v. Stacy A. Kenney" and numbered CA55-937 in that the said defendants, and each of them, aided, abetted and assisted, each by the other, did offer and agree to assist in causing to be dismissed a complaint then pending against Houston J. Patton before the Mississippi Commission on Judicial Performance, said complaint having been filed by or on behalf of the defendant Jennings, in exchange for the said Houston J. Patton's executing an Order reinstating a judgment in favor of the defendant Jennings in the above-designated civil action, and for other considerations contrary to the form of the statute in such cases made *829 and provided, and against the peace and dignity against the state of Mississippi.

DISCUSSION
¶ 3. The Bar asserts that Shelton pled guilty to a crime which triggers Rule 6 of the Rules of Discipline for the Mississippi Bar. Shelton contends that he has tendered what he describes as a best interest plea by which he continues to admit none of the facts or elements of the crime of which he has been charged. He also contends that the plea remains unaccepted by the trial court and may yet be withdrawn, and refers to the non-adjudication provisions of Miss.Code Ann. § 99-15-26, which provide in pertinent part the following:
(1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county count shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section.
....
(3) Upon successful completion of the court-imposed conditions permitted by subdivision (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
¶ 4. Shelton maintains that, because he entered a "best interest" plea, the Formal Complaint filed by the Mississippi Bar does not fall within the appropriate scope of Rule 6 of the Rules of Discipline and, therefore, should be dismissed. Alternatively, Shelton argues that because Rule 6 has no proper application to his situation, a Complaint Tribunal should be designated pursuant to Rule 8 for the purpose of hearing and determining the facts underlying the charges set forth in the Formal Complaint. We find no merit to his argument.
¶ 5. Under our standard of review, this Court has exclusive and inherent jurisdiction regarding the discipline of attorneys as promulgated in the Rules of Discipline for the Mississippi State Bar. Miss. Bar v. McGuire, 647 So.2d 706, 708 (Miss.1994). We conduct a de novo review in cases involving the discipline of attorneys. See Miss. Bar v. Pels, 708 So.2d 1372, 1374 (Miss.1998).
¶ 6. Rule 6(a) of the Rules of Discipline for the Mississippi Bar provides:
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss.Code Ann. §§ 99-15-26 (Supp.1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss.Code Ann. §§ 99-15-26 (Supp.1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
¶ 7. Shelton stated in his Petition to Enter a "Best Interest" Plea filed in the Hinds County Circuit Court, that "it is not in my best interest to not contest the charges as set forth in Cause Number 97-2-305 *830 and pursuant to Miss.Code Ann. § 99-15-26." (emphasis added). It is abundantly clear, however, from the other provisions of the petition that he did, in fact, enter a valid plea of guilty. The usual requisite statements are found in the petition, including, inter alia, that his lawyer is fully informed and has advised him of the nature of the charges and the possible defenses he may have to the charge(s); that he understands that by pleading he is waiving all rights to a jury trial, to confront witnesses, to challenge the composition of the grand jury, and to testify in his own defense; that no one has made any promise or inducement of any kind to him; and that the maximum punishment that might be imposed upon him is ten years' imprisonment and a $5,000 fine, with no minimum imprisonment or fine. Additionally, he stated that "it is my understanding that the District Attorney will recommend to the Court that I receive a sentence as follows: If the Defendant Open pleas to 97-2-305 the state will remand 97-2-307[2]with final adjudication being left up to the Court." (emphasis in original). He also stated that "I offer my plea freely and voluntarily and of my own accord and with full understanding .... and this plea is with the advice and consent of my lawyer."
¶ 8. Further, Shelton's petition states that "my lawyer advised me that the elements of the charge to which I am pleading guilty (emphasis added) are as follows:
A person is guilty of bribery if they did wilfully, unlawfully, feloniously, and knowingly offer to give a thing of value and inducement to a certain public officer, who was then and There duly elected, with the intent to influence his vote, opinion, action or judgment on any matter which may be then pending or may be thereafter subject to vote, opinion, action, or judgment of such officer."
(emphasis in original).
¶ 9. Immediately following that statement, Shelton goes on to say "I submit the following facts which I state to be true, and feel that all of the above elements are proven by these facts: I submit that this is a `Best Interest' plea. In addition, it is my position that the State could prove the allegations against me as charged. Thus I admit none of the facts or foregoing elements of the crime charged." (emphasis in original). Shelton gives no "following facts" other than to say that the petition is presented under oath and penalty of perjury, that he has not been encouraged by any person to answer falsely, that he has no prior felony convictions, and that he understands that his plea may be withdrawn at any time prior to the acceptance of the plea by the court.
¶ 10. A copy of Shelton's Petition to Enter a "Best Interest" Plea, duly certified by the clerk of the Hinds County Circuit Court, was attached to the Bar's Formal Complaint, and is properly before this Court. Our review of that petition and the argument and facts set forth by Shelton in his response to the Bar's complaint, results in the inevitable conclusion that, no matter what Shelton entitled his plea, and notwithstanding his double speak regarding what it meant, it clearly is a guilty plea. Thus, pursuant to the requirements of Rule 6 of the Rules of Discipline for the Mississippi Bar, Shelton has demonstrated evidence of unprofessional and unethical conduct evincing unfitness for the practice of law, which warrants immediate suspension.
*831 ¶ 11. Shelton's argument that he has only tendered a best interest plea and that he "continues to admit none of the facts or elements of the crime which he has been charged" simply is not substantiated by the record before us. His assertion that the plea "remains unaccepted by the trial court in which the tender was made, and may yet be withdrawn" while apparently true, provides him no relief from the application of Rule 6. Shelton maintains that because he only filed a "best interest" plea, the Formal Complaint filed by the Mississippi Bar does not fall within the scope of Rule 6 of the Rules of Discipline and, therefore, should be dismissed. Alternatively, Shelton argues that because Rule 6 has no proper application to his situation, a complaint tribunal should be designated pursuant to Rule 8 for the purpose of hearing and determining the facts underlying the charges set forth in the Formal Complaint. This Court, in Mississippi Bar v. Attorney G, 630 So.2d 344 (Miss.1994), found that the then existing Rule 6 procedure did not contain any provision for handling a plea which is entered, but not accepted, under the non-adjudication provisions of Section 99-15-26. That case was remanded so that a complaint tribunal could be convened under Rule 8. Subsequently, Rule 6(a) was amended to specifically address pleas entered pursuant to § 99-15-26, which provides in pertinent part the following:
(1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section.
(2) [lists conditions which the trial court may impose]
(3) Upon successful completion of the court-imposed conditions permitted by subdivision (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
¶ 12. This Court now has the power to render immediate sanctions for admitted felonious conduct under the non-adjudication of guilt statutory procedure of Miss.Code Ann. § 99-15-26 and Rule 6 of the Rules of Discipline, without a hearing by a complaint tribunal.

CONCLUSION
¶ 13. Although in the present case there was no order of the trial court "accepting or acknowledging the offer or tender of a guilty plea pursuant to § 99-15-26" before this Court, there was ample evidence, from Shelton's own petition alone, that Rule 6(a) should be applied. As the rule states, an order from the trial court would have been, in and of itself, conclusive evidence to invoke the immediate suspension of Shelton. Its absence, however, is not fatal to our holding today. Absent that conclusive evidence, our de novo review of the record which is before us, leaves no doubt that there is clear and convincing evidence that Shelton's actions, which led to his entry of a plea pursuant to § 99-15-26, warrant application of Rule 6(a), the striking of his name from the roll of attorneys and his immediate suspension from the practice of law in the State of Mississippi and as a member of the Mississippi Bar, and the denial of his motion to dismiss as ordered by this Court on June 30, 2003.
¶ 14. J. KEITH SHELTON IS SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI AND AS A MEMBER OF THE MISSISSIPPI BAR, HIS NAME SHALL BE STRUCK FROM THE ROLL OF ATTORNEYS, *832 AND HIS MOTION TO DISMISS OR IN THE ALTERNATIVE TO DESIGNATE A RULE 8 COMPLAINT TRIBUNAL IS DENIED.
PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER AND CARLSON, JJ., CONCUR. DIAZ, EASLEY AND GRAVES, JJ., NOT PARTICIPATING.
NOTES
[1] There is no plea in Mississippi designated by statute or by case law as a "best interest" plea, although that term appears in the jurisprudence of a number of states. We have recognized, however, that "admission of guilt is not a constitutional requisite of an enforceable plea. Knowing and voluntary action by the accused is, and, as well, an independent evidentiary suggestion of guilt." Reynolds v. State, 521 So.2d 914, 917 (Miss.1988) (citing North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). As noted in Reynolds,"it is not error to accept a plea of guilt despite the defendant's protestations of innocence where `there exists substantial evidence of the defendant's guilt.'" Id. at 916. The term "Alford plea" is commonly used in the trial courts of our state and in other jurisdictions to describe this type of plea.

For the purposes of this opinion, it is not necessary for this Court to define or to discuss further Shelton's terminology, for it is clear that whatever his plea is called, it is sufficient to warrant his suspension from the practice of law.
[2] There is nothing in the record before this Court regarding what charges are contained in cause number 97-2-307.