*98 ORDER OF STAY AND SUSPENSION
¶ 1. The Mississippi Bar has filed a formal complaint, pursuant to Rule 6 of the Rules of Discipline for the Bar, seeking the disbarment of attorney Christopher Cofer, who was accepted into the Pretrial Intervention Program (the Program) after being indicted by the Madison County Grand Jury.
I.
¶ 2. The Bar, on its own initiative, filed the present Formal Complaint against Cofer on March 18, 2004, in which it requested that Cofer be disbarred based on the fact that in Cofer’s voluntary statement made upon acceptance into the Program, Cofer admitted to possessing 100 dosage units of ketamine, a Schedule III controlled substance. Cofer’s statement is attached as Exhibit A to the Pretrial Intervention Agreement filed in Cause Number 2003-291, on the docket of the Circuit. Court of Madison County, which cause is styled “State of Mississippi v. Chris Cofer.” The Bar argues that this admission is the type of crime contemplated by Rule 6 of the Rules of Discipline, since the crime was a felony. Cofer filed a Response to the Formal .Complaint and a Motion to Stay on April 12, 2004.
II.
¶ 3. Rule 6(a) of the Mississippi Rules of Discipline states that if an attorney enters- a plea of guilty to any felony, the judgment “shall be conclusive evidence” of that attorney’s guilt, (emphasis added). However, Cofer did not plead guilty under oath before a judge to any felony. Cofer, as a term of his acceptance into the Pretrial Intervention Program, signed a voluntary statement admitting to possession of 100 dosage units of ketamine, a Schedule III controlled substance. See Miss.Code Ann. § 41-29-117(A)(d) (Rev. 2001). Pursuant to the provisions of Miss. Code, Ann. § 41-29-139(c)(3)(B) (Rev. 2001), possession of 100 dosage units but less than 500 dosage units of a Schedule III controlled substance carries a penitentiary sentence of not less than one year nor more than four years. Thus, while this Court recognizes that pursuant to statute, possession of 100 dosage units of a Schedule III controlled substance is a felony, this voluntary statement made by Cofer does not constitute conclusive evidence of Cofer’s guilt as required by Rule 6(a). Cofer’s statement was via Exhibit A attached to the Pretrial Intervention Agreement. While Exhibit A is an unsworn statement by Cofer, the. language of the Pretrial Intervention Agreement, which is *99 signed under oath by Cofer, incorporates Exhibit A by reference and acknowledges that the attached statement is given under oath. We accept Cofer’s statement as being under oath when he acknowledges that “I did on or about July 10, 2002 possess 100 dosage units of ketamine.” The Pretrial Intervention Agreement provides, inter alia, that this statement would be admissible against Cofer if he should violate the terms of the Agreement and if the State should then resume prosecution of the pending criminal charges against Cofer. However, at this stage of the criminal proceedings, Cofer has not offered a guilty plea entered under oath before the circuit court, nor does the record reflect that any order has yet been entered by the Circuit Court of Madison County.
¶ 4. Pursuant to the Pretrial Intervention Act, Miss.Code Ann. §§ 99-15-101, et seq., an agreement is signed by the offender, his/her counsel, and the prosecutor and then filed in the district attorney’s office. See Miss.Code Ann. § 99-15-117. Then, pursuant to the provisions of Miss.Code Ann. § 99-15-123, one of two events will most likely subsequently occur. If the offender successfully completes the Program, the district attorney, with the approval of the circuit judge, “may make a noncriminal disposition of the charge or charges pending against the offender.” Miss.Code Ann. § 99-15-123(1). However, if the offender violates any of the provisions of the pre-trial intervention agreement, the district attorney may, inter alia, resume the prosecution of the pending charges against the offender and proceed to trial. Miss.Code Ann. § 99-15-123(2).
¶ 5. However, in cases of non-adjudication, a plea of guilty is entered before a judge who chooses to “withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court-” Miss. Code Ann. § 99-15-26. We have held “[t]his Court now has the power to render immediate sanctions for admitted felonious conduct under the non-adjudication of guilt statutory procedure of Miss.Code Ann. §§ 99-15-26 and Rule 6 of the Rules of Discipline, without a hearing by a complaint tribunal.” Miss. Bar v. Shelton, 2003 WL 22145838, *4 (Miss.2003). However, we do not extend that holding to include admitted felonious conduct under the Pretrial Intervention Act. The critical difference between the non-adjudication statute and the Pretrial Intervention Act is that the former requires the entry of a sworn guilty plea before the circuit or county court while the latter does not.
¶ 6. In his Response, Cofer requests that this proceeding be stayed until such time as he is able to complete the Pretrial Intervention Program. He also asks that this Court temporarily suspend his license to practice law until such time as a disposition of all charges against him has been entered. Finally, upon such disposition, Cofer asks that this Court allow him to petition the Court for full reinstatement to the Mississippi Bar. We find that Cofer’s suggestions are meritorious.
¶ 7. IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
¶ 8. These proceedings are stayed until such time as there is a final disposition of the criminal charges pending against Christopher Cofer in State of Mississippi v. Chris Cofer, being Cause Number 2003-291 on the docket of the Circuit Court of Madison County.
¶ 9. Christopher Cofer’s license to practice law in the State of Mississippi is temporarily suspended until such time as a disposition of the pending criminal charges against him are entered. Both the Bar and Cofer, through counsel, are jointly responsible for promptly notifying this Court *100 of the final disposition of the pending criminal charges against Cofer.
¶ 10. The Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this order to the Circuit Court Judges and Chancellors in and for Rankin County and Madison County, Mississippi, and the Senior Judges of such courts shall enter this order upon the minutes of their respective courts.
¶ 11. The Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States.
¶ 12. Upon the final disposition of criminal charges pending against him, Cofer may petition this Court for reinstatement to the Mississippi Bar; however, if such a petition is filed, the Court shall at that time determine the appropriate disposition of this case consistent with the Rules of Discipline and our prior decisions.
¶ 13. SO ORDERED.
/s/George C. Carlson, Jr. GEORGE C. CARLSON, JR., JUSTICE FOR THE COURT
DIAZ, J., NOT PARTICIPATING.