987 So.2d 898 (2006)
In the Matter of the Petition of J. Keith SHELTON for Reinstatement to the Mississippi Bar.
No. 2005-BR-02366-SCT.
Supreme Court of Mississippi.
October 12, 2006.
*899 Andrew J. Kilpatrick, Jr., Ridgeland, attorney for appellant.
Adam B. Kilgore, Jackson, attorney for appellee.
EN BANC.
COBB, Presiding Justice, for the Court.
¶ 1. By opinion of this Court entered September 18, 2003, J. Keith Shelton was suspended from the practice of law pursuant to Rule 6(a) of the Mississippi Rules of Discipline. Miss. Bar v. Shelton, 890 So.2d 827, 831-32 (Miss.2003). His suspension was a result of his entry of a plea of guilty to charges of bribery of a judge, under the non-adjudication statute, Miss. Code Ann. § 99-15-26 (Rev.2000). On November 14, 2005, Hinds County Circuit Judge Tomie Green entered two identical orders remanding with prejudice the criminal charges against Shelton, as follows:
THIS DAY, this Cause came on to be heard on the Motion of the State of Mississippi to Remand the above styled and numbered cause, and the Court having heard and considered the same, finds the motion is well taken and should be granted based on the following representation by the State:
A thorough re-examination of the evidence reveals there is substantial doubt as to the ability of the State to carry its burden of proof in a trial. Consequently, the case lacks prosecutive merit. Judicial economy would not be served taking this case to trial when there exists such strong doubt as to the merits of the case.
IT IS THEREFORE, ORDERED AND ADJUDGED, that Remand is hereby entered with Prejudice in this cause.[1]
¶ 2. On December 28, 2005, Shelton filed his petition for reinstatement asserting his entitlement to be reinstated without further action due to the dismissal of the underlying charges which resulted in his *900 suspension. In the alternative, he states that he meets the requirements for reinstatement pursuant to M.R.D. 12, based upon the information contained in his petition for reinstatement. The Mississippi Bar recommended that Shelton is ineligible to seek reinstatement, based upon its investigation of Shelton by deposition, and its interpretation of M.R.D. 12. We conclude that Shelton is eligible for reinstatement but the petition before us fails to meet the requisite burden of proof for reinstatement. We refer this matter to a Complaint Tribunal which shall conduct an evidentiary hearing regarding the requirements of M.R.D. 12, with special attention to the facts and circumstances surrounding the underlying criminal charges.

ANALYSIS
¶ 3. This Court has exclusive and inherent jurisdiction in matters pertaining to attorney, discipline, reinstatement and appointment of receivers for suspended and disbarred attorneys. In re Reinstatement of Parsons, 890 So.2d 40, 42 (Miss. 2003); Miss. Bar v. Baldwin, 752 So.2d 996, 997 (Miss.1999) (citing In re Massey, 670 So.2d 843, 844 (Miss.1996)). Pursuant to M.R.D. 1, this Court is the final judge of matters arising under the Mississippi Rules of Discipline. Baldwin, 752 So.2d at 997. This Court sits as the trier of fact and is not bound by any substantial evidence or manifest error rule. Parsons, 890 So.2d at 42. No person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to this Court. M.R.D. 12. Petitioners for reinstatement have the burden of proving that they have met all the jurisdictional requirements of procedural Rule 12.7. In re Watkins, 849 So.2d 843, 848 (Miss.2002).
¶ 4. Shelton entered what he termed a "best interest" plea, also known as an Alford plea. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), adopted in this state by Reynolds v. State, 521 So.2d 914 (Miss. 1988). For the purposes of attorney discipline, this Court has found no constitutional difference between an Alford plea and a traditional guilty plea. Shelton, 890 So.2d at 830. As a result of Shelton's plea this Court suspended him pursuant to M.R.D. 6(a) which states:

Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993) ... a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.

(emphasis added). This Court has the power, as a result of our decision in Miss. Bar v. Attorney G, 630 So.2d 344 (Miss. 1994), and the subsequent amendments to M.R.D. Rule 6(a) and procedure 6.1, to render immediate sanctions, without a hearing by the Complaint Tribunal, for admitted felonious conduct under the non-adjudication statutory procedure set forth in Miss.Code. Ann. Section 99-15-26 and M.R.D. 6(a). See Baldwin, 752 So.2d at 998. That point is not argued. Shelton now argues that because the charges to which he pleaded guilty have been dismissed, he is entitled to be automatically *901 reinstated to the Bar pursuant to M.R.D. 6(b). His argument is, however, contradictory to the plain language of Rule 6(b).
¶ 5. This is a case of first impression as this Court has never interpreted the application of M.R.D. 6(b) to reinstatement following the dismissal of charges to which a guilty plea was entered under the non-adjudication statute. Rule 6(b) states:
Upon reversal of the conviction or judgment that has resulted in the automatic suspension, the attorney shall be immediately reinstated, but such reinstatement shall not bar or terminate any disciplinary proceeding instituted thereafter or then pending against the attorney. For purposes of these rules executive clemency or pardon shall not constitute reversal of the conviction and shall not bar or terminate disciplinary proceedings predicated upon such convictions or judgments. Dismissal of charges pursuant to the provision of Miss.Code Ann. § 99-15-26 (Supp. 1993), or any similar state or federal statute shall have no effect upon disciplinary proceedings or sanctions predicated upon an entry, offer or tender of a plea of guilty or nolo contendere.

The language of the 1994 amendment to Rule 6(b), shown in italics above, is clear and unambiguous. Shelton's petition for reinstatement did not claim that the dismissal of his charges occurred because of his successful completion of the non-adjudication procedure. He merely cited a portion of the trial court's orders, and made a conclusory statement that "[a]s the underlying charges upon which this Court relied in entering its Opinion suspending [him] have been dismissed, [he] is entitled to be reinstated without further action." We strongly disagree. Clearly this Court has not only the right, but the obligation, to consider a petitioner's actions and inactions in its determination of imposing sanctions, or lifting existing sanctions. The trial court's dismissal of the charges against Shelton does not require an automatic reinstatement. It merely allows the reinstatement process to begin. Therefore, this argument is without merit.
¶ 6. The Bar argues that Shelton's guilty plea to bribery makes him ineligible for reinstatement, citing M.R.D. 12(c), which states:
An attorney who has been disbarred for conviction of a felony criminal offense which occurred after April 4, 2002, in a court of this state ... for any felony crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion ... shall be ineligible for reinstatement to the practice of law.
Based on a plain reading of this rule, the Bar's argument is without merit for two reasons. First, Shelton was never disbarred by this Court for a conviction; he was suspended after entering his guilty plea. Second, the felony offense for which he pleaded guilty occurred on April 16, 1997. On its face, Rule 12(c) affects only those persons who are disbarred for conviction of a felony offense which occurred after April 4, 2002. Therefore, Shelton is eligible to petition for reinstatement.
¶ 7. To warrant reinstatement, however, Shelton's petition must satisfy the Rule 12 requirements. See In re Robb, 702 So.2d 423 (Miss.1997). The fundamental issue posed by a petition for reinstatement is the attorney's rehabilitation in conduct and character since the suspension was imposed. Id. at 424. The burden is on the petitioner to prove that he has been rehabilitated sufficiently to entitle him to reinstatement. Id. The burden of proof of a suspended attorney petitioning *902 for reinstatement is not the same or as great as that demanded of one who has been disbarred. Haimes v. Miss. State Bar, 551 So.2d 910, 912 (Miss.1989).
¶ 8. In procedural Rule 12.7, this Court set forth the requirements for M.R.D. Rule 12 reinstatement, which provide that the petition shall: (1) be addressed to the Court; (2) give reasons justifying reinstatement; (3) state the cause or causes for suspension or disbarment; (4) give the names and current addresses of all persons, parties, firms or legal entities who suffered pecuniary loss due to the improper conduct; (5) make full amends and restitution; (6) show the necessary moral character for the practice of law and (7) demonstrate the requisite legal education to be reinstated to the privilege of practicing law. In the case of In re Benson, 890 So.2d 888, 890 (Miss.2004), we enunciated that, for the sake of jurisprudential clarity, the latter five in this list are "jurisdictional requirements which will henceforth apply to Rule 12 reinstatement petitions." Although not a part of the procedural rule, this Court also considers the Bar's position as to the reinstatement of an attorney when granting the petition. Id.
¶ 9. Although Shelton properly filed his petition with this Court, his reason stated therein, for justifying reinstatement, was basically that the trial court dismissed the underlying charges, and he should be automatically reinstated. As to the jurisdictional requirements, we find Shelton's petition wholly inadequate.
¶ 10. The first jurisdictional requirement is to state the cause or causes for suspension or disbarment. The petition before us, and scant supporting documentation which accompanied it, are devoid of underlying facts surrounding the criminal charges to which Shelton pleaded guilty. According to Shelton's deposition testimony taken by the Bar, he was arrested and charged with conspiracy to obstruct justice and extortion in 1997, and subsequently was indicted for conspiracy to obstruct justice and bribery. He maintained his innocence of any criminal activity, explaining that he was merely representing a client in a 42 U.S.C. § 1983 civil rights case, and "end[ed] up getting arrested along with my client." Shelton further asserted that "they" kept changing trial dates and, off the record, they would say "we know you didn't do anything wrong" but they "couldn't do anything about it." However, Shelton never identified who "they" were, nor was he asked to do so during the deposition. He further explained that since he was still practicing law, he just "marched right along and my practice picked back up" until he upset "a very wealthy person in Waynesboro and the heat was turned up on the District Attorney's office." When Shelton's attorney suggested he plead to a misdemeanor, Shelton first said "no" because he would not admit something he did not do. However, in December, 2002, his attorney suggested that he enter a "best interest plea", and explained that the judge would not accept it, but rather she would non-adjudicate it after the pre-sentencing investigation, then "refer it to the next month." Shelton agreed, and the judge did exactly what was explained, except the case "never got called back up, and in March of 2003 the bar complaint was filed." At that point Shelton's narrative deposition testimony on this issue stopped, as Bar counsel had permitted Shelton to decide at what points to begin and end his explanation, and then had no further questions on the issue of the underlying criminal charges.
¶ 11. While Shelton need not admit to the underlying crime, he must present to this Court a clear and specific explanation of the improper actions that *903 gave rise to his indictment and subsequent plea. See In re Benson, 890 So.2d at 890. A petitioner in reinstatement cases has a heavier burden than simple assertions. Watkins, 849 So.2d at 848. Shelton must submit proof of his assertions. In Shelton's response to the Bar's recommendations, he again asserts that he "never admitted he committed or was guilty of bribery. In fact, he has always denied his guilt. All he admitted was that it was possible for the State to prove the underlying charges." He further asserts that "based upon the State's representations, [the trial court] found that the State could not prove the elements of the bribery charges." However, the orders themselves did not actually say that. Sheldon's petition for reinstatement fails to meet the first jurisdictional requirement.
¶ 12. As to the second requirement, Shelton asserts only that "no persons, parties, firms or legal entities ... have suffered pecuniary loss due to any action on the part of Respondent" without further elaboration. This is the kind of inadequate "simple assertion" warned against in Watkins. Given there has been no clear presentation of any underlying facts to this Court, we cannot assess the effect of his actions on others. Some unanswered questions come to mind, however. Most notably, what effect did his actions have on the client he was representing at the time of the alleged bribery of the judge occurred? What effects have the bribery allegations had on the judge? Shelton has not satisfied the second jurisdictional requirement. He also has made no mention of the third requirement, which is to make full amends and restitution.
¶ 13. With regard to the fourth requirement, which is to show the necessary moral character for the practice of law, Shelton simply "respectfully assert[ed] that he has the requisite moral character to be readmitted to the practice of law in this state and in that the ruling of this Court was an indefinite suspension, there has been no finding that he has ever lacked the requisite moral character necessary for the practice of law in this state." This is an inadequate and incorrect assertion. Shelton did, however, provide ten letters recommending his reinstatement: five from Arkansas co-workers including his employer; two from Mississippi attorneys; and one each from his former pastor, his financial advisor and a personal friend. His narrative response to the Bar's deposition question regarding community service was very general and superficial. Shelton mentioned that he "ministered to kids through basketball" to show them things could be accomplished in the world through sports and athletics, and started a basketball program in Waynesboro, Mississippi, and a similar program in Texas, concentrating on "disadvantaged kids." He and his wife were promoters of 4-H and agricultural activities like horse shows, in which his daughter was involved, and they also were "fixing to start teaching a young couple's Sunday School class." Shelton also mentioned helping an old man keep his house from being taken away, but provided no detail or further explanation.
¶ 14. When the Bar asked Shelton about his employment subsequent to his suspension in September 2003, he stated that they lived off savings, drained bank accounts, sold what was not needed and didn't live above their means, until moving to Texas in March of 2005. There he began working for a real estate development investment company headquartered in Texarkana, Arkansas, which builds shopping centers, stores, and the like.
¶ 15. Shelton apparently believes the letters, accompanied by limited testimony in his deposition about community service activities, indicate the moral character necessary to be reinstated. This Court disagrees. We have recognized that in a *904 petition for reinstatement the opinions of acquaintances are admissible. However, one may not base their petition entirely thereon. Ex Parte Marshall, 165 Miss. 523, 147 So. 791, 796 (1933). Further, the limited number and lack of depth and diversity of letters in support provided by Shelton are little help in determining Shelton's fitness to return to the practice of law.
¶ 16. The fifth requirement is the demonstration of the requisite legal education to be reinstated to the privilege of practicing law. Shelton's petition mentions only that "he has continued to study the law on his own by researching various legal issues for his own benefit during the course of his suspension and by regularly keeping up with and reading this Court's and the Court of Appeals' weekly hand-down lists and opinions that are published on the Mississippi Supreme Court website." He makes no specific references to his efforts to keep up-to-date on the development of the law. Shelton stated in his deposition that he attended numerous seminars on the law and continued to read this Court's hand down list available on the Court website. Further, he tried to attend those seminars which could count toward CLE requirements. Shelton fails, however, to specifically cite what seminars he attended, when and by whom they were offered, or what subject matter was taught, which would be minimal requirements for our evaluation of this factor. It is commendable that Shelton has not in any way held himself out to be a lawyer during his suspension or attempted to practice law in his current line of work. However, part of his duty as a suspended attorney desiring readmission to the Bar is to keep up-to-date on the development of the law in Mississippi. Shelton did not provide this Court with sufficient evidence to substantiate his claims and therefore, we hold that he has failed to demonstrate the requisite legal education to be reinstated.[2]
¶ 17. Shelton specifically requests that, in the event this Court does not reinstate him, we appoint a special master to hear testimony regarding his petition and specifically the underlying plea from which his suspension arose. That alternative has been utilized by this Court in a very limited number of cases, and generally only in disbarment cases in which substantial fact finding is required regarding underlying criminal conduct. See, e.g., In re Parsons, 849 So.2d 852 (Miss.2002); Williams v. Miss. State Bar Ass'n, 492 So.2d 578 (Miss.1986). Two other options are also available to the Court. One is simply to deny the insufficient petition without prejudice, which would allow Shelton to submit a new petition with complete and thorough proof necessary to meet all the requirements of M.R.D. Rule 12. See, e.g., In re Asher, 733 So.2d 815 (Miss.1999). The other is to refer the matter to a Complaint Tribunal for an evidentiary hearing on all requirements. See, e.g., Gibson v. Miss. Bar, 531 So.2d 800, 801 (Miss.1988).
¶ 18. In the present case, there are many unanswered questions, especially regarding the facts and circumstances surrounding Shelton's initial arrest, and the events from that point until Judge Green dismissed the charges against him. Additional information necessary for proving the Rule 12 requirements for reinstatement also needs to be provided. Thus we conclude that a Complaint Tribunal should conduct an evidentiary hearing, prepare *905 findings of fact and conclusions of law, and submit its recommendation regarding Shelton's reinstatement to this Court.

CONCLUSION
¶ 19. Although Shelton is eligible to petition this Court for reinstatement, he still has the burden of proving that he has met the requirements of Rule 12. Based on our review of the petition and the record before us, we hold that he has not met that burden. We refer this matter to a Complaint Tribunal to conduct a hearing on all the requirements necessary for reinstatement, with special attention to the facts and circumstances surrounding the underlying criminal charges, the entry of the Alford plea, and the ultimate dismissal of the criminal charges against Shelton. That tribunal shall make findings of fact, conclusions of law, and a recommendation to this Court on the appropriate disposition of the petition.
¶ 20. PETITION FOR REINSTATEMENT REFERRED TO COMPLAINT TRIBUNAL FOR A HEARING.
SMITH, C.J., WALLER, P.J., DIAZ, EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., NOT PARTICIPATING.
NOTES
[1] We interpret the trial court's remand with prejudice to mean the charges were dismissed and thus M.R.D. 6(b) is applicable.
[2] We also note, although not raised by either Shelton or the Mississippi Bar, the procedural requirement of Rule 12.5, that "an attorney suspended for six months or longer shall take the Multi-State Professional Responsibility Exam ... and achieve a scaled score of not less than 80, if the Complaint Tribunal determines... that good cause exists to require [it]."