DICKINSON, Justice,
dissenting:
¶ 51. The majority goes too far in holding that this Court’s rule-making authority justifies the Mississippi Bar’s violation of this state’s substantive law. Because I do not agree with this unwarranted, unnecessary, and — in my view — unconstitutional encroachment on the Legislature’s exclusive authority to enact substantive law, I dissent.
¶ 52. The majority begins well enough by correctly holding that “statutes are trumped by contradictory rules governing matters over which this Court has exclusive authority.” But what contradictory rule? The Legislature enacted a presumptively constitutional statute that explicitly prohibits everyone — including the Mississippi Bar — from penalizing any person (including Joe Gregory Stewart) for “failures to recite or acknowledge such arrest, or indictment or trial in response to any inquiry made of him for any purpose.” I interpret “any purpose” to include admission to the Mississippi Bar. We have no rule that contradicts this statute.
¶ 53. Oddly enough, the majority briefly abandons its “inherent power” argument to claim that any power granted by the Legislature to an employer should have also been granted to this Court. Specifically, the majority says:
If any Mississippi employer has the right to ask such questions to its prospective employees, as Section 99-19-71(3) (Supp.2010) now provides, surely *21 an institution of public trust such as the Bar should be able to do likewise for its prospective members.
“Should be able to do likewise” indeed. This argument, in essence, says that, if it’s good enough for an employer, it’s good enough for us, and since the Legislature didn’t include this Court in the statute, we’ll just include ourselves. On this point, I cannot agree with the majority. The fact (unexplainable though it may be) is that the Legislature chose to grant to employers a right it did not choose to grant to this Court. But that is no reason for this Court to simply order itself into the statute.
¶ 54. Indeed, the majority recognizes that the law allows “expunged records to be used, or asked about, only in certain instances, none of which include admission or reinstatement to the practice of law.”[9] Yet, the majority deftly circumnavigates that law by simply proclaiming that the Bar may require an applicant to disclose the information — never mind that the Legislature has specifically declared the applicant does not have to reveal it.
¶ 55. Having no authority to justify its holding, the majority turns to Mississippi Bar v. McGuire,[10] a case that includes no language or citation to any rule that remotely supports the majority’s conclusion. In McGuire, this Court was faced with a statute that did not allow disbarment for violations of the Internal Revenue Code. We held that Rule 6 of the Rules of Discipline—which conflicted with the statute—controlled,[11] and we granted the Bar’s petition to suspend the attorney indefinitely. McGuire stops far short of holding that the Mississippi Bar may ignore Section 41-29-150(d)(2).
¶56. Unlike McGuire, this case does not involve a statute in conflict with the Rules of Discipline. Indeed, the statute at issue in this case does not conflict with any rules promulgated by this Court. Moreover, the statute at issue does not address any matters that are within the exclusive jurisdiction of this Court. Section 41-29-150(d)(2) addresses the effect of an expunged conviction; it does not dictate how this Court must conduct the bar-admission process. The mere fact that this Court has exclusive jurisdiction over the bar-admission process does not mean that the Mississippi Bar or the Board of Bar Admissions may ignore statutes at its pleasure.
¶ 57. Because the majority usurps legislative authority, I dissent.
KITCHENS, J., JOINS THIS OPINION.

. Maj. Op. ¶ 24.

. Miss. Bar v. McGuire, 647 So.2d 706 (Miss.1994).

. McGuire, 647 So.2d at 708 ("any statute ... is trumped by a contradictory Rule of Discipline”).