# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-BD-00215-SCT

*THE MISSISSIPPI BAR*

*v.*

*GUY N. ROGERS, JR.*

| | |
|---|---|
| ATTORNEYS FOR COMPLAINANT: | ADAM BRADLEY KILGORE |
| | KATHRYN ADDIS LITTRELL |
| ATTORNEY FOR RESPONDENT: | GUY N. ROGERS, JR. (PRO SE) |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | SUSPENDED FROM PRACTICE OF LAW - 08/01/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. The Rules of Discipline for the Mississippi State Bar call for the immediate suspension of an attorney under the Mississippi Bar's disciplinary jurisdiction when that attorney pleads guilty to a felony.[1] This includes an attorney who makes a best-interest plea.[2] And it also includes an attorney who pleads guilty under Mississippi Code Section 99-15-26 (Rev. 2020), which permits a circuit court to withhold acceptance of a plea and sentencing pending successful completion of court-imposed conditions.[3]

---

[1] Miss. R. Discipline 6(a).

[2] *In re Shelton (Shelton II)*, 987 So. 2d 898, 900 (Miss. 2006) (citing *Miss. Bar v. Shelton (Shelton I)*, 890 So. 2d 827, 830 (Miss. 2003)).

[3] Miss. R. Discipline 6(a).

¶2.     Here, attorney Guy N. Rogers entered a best-interest plea to the felony crime of possessing contraband in a jail facility.[4]  And the Warren County Circuit Court withheld the plea subject to a thirty-six-month probationary period.  In this scenario, Rule 6(a) directs this Court to immediately suspend Rogers upon receipt of a certified copy of the guilty plea and nonadjudication order.[5]  The Bar's formal complaint against Rogers included a certified copy of his plea of guilty to the felony crime of possessing contraband in a jail and the trial court's nonadjudication order pursuant to Section 99-15-26.  Thus, under Rule 6(a), we strike Rogers's name from the Bar roll and immediately suspend him from the practice of law.

¶3.     But we do not disbar Rogers, as the Bar requests.  Summary disbarments are reserved for final convictions.[6]  And Rogers has not been convicted.  If Rogers successfully completes his thirty-six-month probation and has the charge against him dismissed under Section 99-15-26, he shall then have the opportunity to petition for reinstatement to the Bar if he meets the requirements of Rule 12.[7]

## Procedural History

### I.     The Bar's Formal Complaint

---

[4] Miss. Code Ann. §§ 47-5-193, -195 (Rev. 2023).

[5] Miss. R. Discipline 6(a); *see also* **Shelton II**, 987 So. 2d at 900; **Shelton I**, 890 So. 3d at 831.

[6] Miss. R. Discipline 6(d).

[7] **Shelton II**, 987 So. 2d at 901; *see* Miss. R. Discipline 12 (governing petitions for reinstatement to the privilege of practicing law in Mississippi).

¶4.    On February 20, 2024, the Mississippi Bar filed a formal complaint against Rogers with this Court.  Invoking Rule 6, the Bar requests Rogers be disbarred because he pled guilty to the felony crime of possessing contraband in a jail facility.  Miss. Code Ann. §§ 47-5-193, -195.

¶5.    In January 2022, a grand jury in Warren County indicted Rogers on two counts:

   (1)    conspiracy to commit the felony crime of tampering with physical evidence by asking Charlie Jobs to remove a section of wire that was being kept as evidence in the basement of the Warren County Jail; and

   (2)    the unlawful possession, furnishment, or attempt to furnish contraband—i.e., two cell phone cords—to an inmate in the Warren County jail.

On November 23, 2023, Rogers signed a best-interest plea of guilty to one count of possession of contraband within a jail or correctional facility.

¶6.    As authorized by Section 99-15-26(a), the Circuit Court of Warren County withheld acceptance of the plea and sentence for thirty-six months pending successful completion of supervised probation.  Under Section 99-15-26(d), if Rogers successfully completes the conditions in the nonadjudication order, the cause against him will be dismissed.

¶7.    The Bar attached to its complaint certified copies of Rogers's plea and the nonadjudication order.

## II.    Rogers's Out-of-Time Answer

¶8.    A  month  after  the  response  deadline  had  passed,  Rogers sought—and received—permission to file an answer out-of-time.  Order, *Miss. Bar v. Rogers*, No. 2024-BD-00215-SCT (Miss. May 1, 2024).  The Bar responded with a motion to strike Rogers's

3

answer. The Bar claims that, while it initially agreed to a two-week extension, it did not agree to allowing Rogers an entire extra month to respond. *Id.*

¶9. We deny the Bar's motion. We understand the Bar's frustration with Rogers's mischaracterization of what the Bar had actually agreed to. But the claims Rogers makes in his response touch on issues this Court would still have to address even if Rogers's response was struck—namely, what impact, if any, does Rogers's best-interest plea and nonadjudication order have on this Court's disciplining him. Further, this Court's allowing Rogers to file an untimely response ultimately makes no difference in the outcome. Rule 6(a) and this Court's precedent make clear that Rogers's suspension from the practice of law is automatic upon this Court's receipt of a certified copy of his guilty plea and nonadjudication order.

**Discussion**

¶10. "[T]his Court has exclusive and inherent jurisdiction regarding the discipline of attorneys as promulgated in the Rules of Discipline for the Mississippi State Bar." *Shelton I*, 890 So. 2d at 829 (citing *Miss. Bar v. McGuire*, 647 So. 2d 706, 708 (Miss. 1994)).

¶11. Unlike a formal complaint filed under Rule 8 of the Rules of Discipline for the Mississippi State Bar, which triggers this Court's appointment of a complaint tribunal to hear and determine the matter, in a Rule 6 complaint, the Bar seeks summary suspension or disbarment of a Mississippi-licensed attorney. The summary punitive measures are based on what has happened in other criminal or civil proceedings. Relevant to this matter, Rule 6 provides a summary procedure for disciplining attorneys who have entered guilty pleas or

have been convicted of a felony (other than manslaughter) or a misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client.

¶12.    The rule expressly includes attorneys who have tendered a guilty plea under Section 99-15-26.  Miss. R. Discipline 6(a).  Under Rule 6(a), when an attorney subject to this Court's disciplinary jurisdiction tenders a felony guilty plea under Section 99-15-26, complaint counsel for the Bar shall present to this Court a certified copy of the trial court order acknowledging the tender of the plea.  The certified copy of the order shall be "conclusive evidence" that the attorney entered a guilty plea to a felony.  Miss. R. Discipline 6(a).  And this Court "shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law." *Id.*

¶13.    Thus, based on a plain reading of Rule 6(a), because this Court has received from the Bar certified copies of Rogers's guilty plea and nonadjudication order, we must immediately suspend him.

¶14.    Rogers challenges the operation of Rule 6(a), asserting two reasons why its does not apply in his case.  First, he claims he did not actually plead guilty but only entered a best-interest plea.  So in his view, Rule 6's summary procedures do not apply.  Instead, he insists that to discipline him, the Bar must go through Rule 8's complaint tribunal process.  Second, Rogers claims he is merely under probation and the charges will be dropped against him once he completes his probation.  So he maintains he cannot be suspended or disbarred during this probationary period.

5

¶15.    But both of Rogers's arguments lack merit.  In two companion appeals—***Shelton I***, 890 So. 2d 827, and ***Shelton II***, 987 So. 2d 898—we squarely addressed what happens when an attorney enters a best-interest plea and receives a nonadjudication order under Section 99-15-26.    And we made clear that the attorney must be immediately suspended from the practice of law—but not disbarred.  ***Shelton I***, 890 So. 2d at 831; ***Shelton II***, 987 So. 2d at 901.

## I.    Best-Interest Plea

¶16.    Just like Rogers did here, Shelton entered a best-interest plea, also called an ***Alford*** plea.  ***In re Shelton (Shelton III)***, 987 So. 2d 938, 939 n.1 (Miss. 2008) ("An ***Alford*** plea allows a defendant to avoid the risk of conviction at trial by pleading guilty without admitting to actual guilt of the crime charged." (citing ***North Carolina v. Alford***, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970))).  And just like Rogers, Shelton argued Rule 6 did not apply to his ***Alford*** plea—instead, he asserted he was entitled to a hearing before a complaint tribunal under Rule 8.  ***Shelton I***, 890 So. 2d at 829.  But this Court disagreed.  We found that, "[f]or the purposes of attorney discipline," there was "no constitutional difference between an ***Alford*** plea and a traditional guilty plea."  ***Shelton II***, 987 So. 2d at 900 (citing ***Shelton I***, 890 So. 2d at 830).

¶17.    So under Mississippi law, Rogers *did* plead guilty to a felony for attorney-discipline purposes.[8]  Thus, Rule 6 and its summary procedures apply.

---

[8] We would also point out that, while Rogers *now* asserts to this Court that the State could not prove its case against him, in his plea petition he acknowledged that he had reviewed the evidence against him and recognized "the strength of the case" against him.

## II. Nonadjudication Order

¶18. Again, Rule 6(a) directs us to immediately suspend Rogers from the practice of law. And Rule 6(b) expressly states that "[d]ismissal of charges pursuant to the provision of [Section] 99-15-26 . . . shall have no effect upon disciplinary proceedings or sanctions" based on the tender of the guilty plea. Miss. R. Discipline 6(b). So contrary to Rogers's assertion that this Court must withhold disciplining him, Rules 6(a) and 6(b) make clear that attorneys under nonadjudication orders will be disciplined before the probationary period ends and the outcome is known.

¶19. *Shelton I* and *Shelton II* demonstrate what this looks like. In *Shelton I*, this Court suspended Shelton from the practice of law based on his tender of a Section 99-15-26 plea. *Shelton I*, 890 So. 2d at 831. In *Shelton II*, the bribery charges for which Shelton tendered the Section 99-15-26 guilty plea had been dismissed. *Shelton II*, 987 So. 2d at 901. Based on the dismissal, Shelton claimed he should automatically be reinstated to the Bar. But this Court rejected his claim. *Id.* We found it contradicted the plain language of Rule 6(b). *Id.* As this Court explained, a subsequent dismissal under Section 99-15-26 *does not* undo the Rule 6(a) suspension but instead "merely allows the reinstatement process to begin." *Id.*

¶20. Of course, in Rogers's case, we do not yet know if Rogers will successfully complete the conditions of his nonadjudication order. If he does and the charges against him are dismissed, then—just like Shelton—Rogers may begin the reinstatement process under Rule 12. *See* Miss. R. Discipline 12.

7

¶21.    But Rogers should not be summarily disbarred under Rule 6(d) as the Bar requests.[9] This Court only summarily disbars an attorney upon receipt of a certified copy of a final conviction.  Miss. R. Discipline 6(d).  And at this point, Rogers has not been convicted.  *See* ***Shelton II***, 987 So. 2d at 901 (emphasizing "Shelton was never disbarred by this Court for a conviction; he was suspended for entering his guilty plea").  Because Rule 6 directs immediate suspensions for tendering a guilty plea under Section 99-15-26 but reserves summary disbarments for final convictions, we suspend Rogers from the practice of law and strike his name from the Bar roll.  Rogers's suspension is effective upon entry of this opinion.

¶22.    **GUY N. ROGERS, JR., IS SUSPENDED FROM THE PRACTICE OF LAW.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[9] The Bar has sought summary disbarment under Rule 6 only.  It does not alternatively request this Court appoint a complaint tribunal under Rule 8 to determine if Rogers's actions warrant disbarment.